## Harer's Petition

*Charles Scott Williams* and *Edward R. Dwyer*, for petitioner.

LARRABEE, P. J., sitting as the acting county board of elections, October 13, 1943.—A petition was presented to D. M. Larrabee, P. J., as the acting county board of elections of Lycoming County, by Warren Clyde Harer to hear testimony and have votes cumulated which he avers were intended to be cast for him as a candidate for the nomination for the office of register and recorder on the Democratic ticket as shown by the returns made by the recount board of the primary election held on September 14, 1943.

The returns by the recount board show that said Warren Clyde Harer received the nomination for the office of register and recorder on the Republican ticket and the votes he now seeks to have cumulated and credited to him were so-called "write-ins" by voters on the Democratic ticket. It appears that no petition was filed by anyone as a candidate for the nomination for the office of register and recorder on the Democratic ticket.

Section 301(*b*) of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, provides that in each county of the Commonwealth the county board of elections shall consist of the county commissioners of such county, ex officio.

However, section 1403(*b*) of the Election Code provides that if any member of the county board of elections shall be a candidate for any nomination or election to public office, he shall not act as a member of the board for the computation or canvassing of returns, but the other members shall act, and in case in

any county there are not at least a majority of the members of the board so qualified, two or more judges of the courts of common pleas shall be designated by said court to act as a return board, provided none of them is a candidate for any nomination or election to public office, and if there shall be only one judge of such court in such county, or if less than two judges are qualified so to act, any judge who is qualified may act alone.

At this primary election all three members comprising the present board of county commissioners were candidates to succeed themselves.

At said primary election Spencer W. Hill, additional law judge of Lycoming County, was a candidate for the nomination of judge on the Republican ticket.

Therefore, under the provisions of the Pennsylvania Election Code, D. M. Larrabee, president judge, is the only judge qualified to sit as the return board and he is thereby constituted as acting recount board and acting county board of elections for the purpose of canvassing and computing the election returns of the votes that were cast at said primary election from the district election boards in Lycoming County and to certify the results thereof to the Secretary of the Commonwealth as may be provided by law, and to such other authorities as may be provided by law.

Acting under the authority thus vested in him by the provisions of the Election Code, President Judge D. M. Larrabee appointed a number of assistants to aid him and proceeded to canvass and compute the returns from said primary election, and on September 25, 1943, this work was completed and the tabulated returns were duly certified by him and filed.

On September 28, 1943, Warren Clyde Harer presented his petition to President Judge D. M. Larrabee, acting as the county board of elections, in which he sets forth that the returns made by the recount board of said primary election showed that 155 votes were

cast for *Warren Clyde Harer;* 57 votes were cast for *Clyde Harer*, and 2 votes were cast for *Warren Harer*, as a candidate for the office of register and recorder on the Democratic ticket.

The petitioner further avers that *Warren Clyde Harer, Clyde Harer*, and *Warren Harer* are one and the same person and he prays the county board of elections to take testimony and determine whether the votes under these three names should be cumulated and credited to *Warren Clyde Harer* and that he be certified by the board of elections as the candidate having received the highest number of votes for the nomination for the office of register and recorder on the Democratic ticket.

Section 304(a) of the Election Code provides:

"Each county board of elections may make regulations, not inconsistent with this act or the laws of this Commonwealth, to govern its public sessions, and may issue subpoenas, summon witnesses, compel production of books, papers, records and other evidence, and fix the time and place for hearing any matters relating to the administration and conduct of primaries and elections in the county under the provisions of this act".

In Boord et al. v. Maurer et al., 343 Pa. 309, Justice Maxey, speaking for the Supreme Court, declared (p. 312):

"The Election Code makes the County Board of Election more than a mere ministerial body. It clothes it with quasi-judicial functions . . ."

Therefore, we are of the opinion that the county board of elections is not only authorized to canvass and compute the vote and issue certificates to successful candidates, but under the authority of Boord et al. v. Maurer et al., supra, it is empowered to hear testimony as to the identity of a candidate who has been voted for under different names and cumulate the votes.

Section 1222 (c) of the Election Code provides:

"In returning any votes cast for any person whose name is not printed on the ballot, the election officers shall record any such names exactly as they were written, stamped or applied to the ballot by sticker".

We conclude that this section applies merely to the returns and prohibits the local election officers of any given voting precinct from attempting to cumulate votes without knowledge or evidence of the intention of the voters.

Section 1223 (a) of the Election Code provides that any ballot indicating a vote for any person whose name is not printed on the ballot, by writing, stamping, or sticker, shall be counted as a vote for such person if placed in the proper space or spaces provided for this purpose.

Thus it is obvious that votes are to be counted for the individual, as a candidate, and not for the name, and where the intent of the voter to vote for the individual is manifest such intention should be given effect.

A hearing was held before President Judge D. M. Larrabee, sitting as the acting county board of elections, and testimony was presented by Warren Clyde Harer in support of the allegations in his petition.

Clyde Rook, chief registrar in the office of the Commissioners of Lycoming County, who also served as one of the assistants on the recount board, testified that the tabulated returns show that 155 votes were cast for Warren Clyde Harer, 57 votes were cast for Clyde Harer, and 2 votes were cast for Warren Harer as candidate for the nomination to the office of register and recorder on the Democratic ticket, thus making a total of 214 votes cast under these three names for said nomination. This witness further testified that the registration lists for Lycoming County showed that there is no name registered therein as *Warren Clyde Harer;* that the only person having the surname of Harer whose Christian name begins with the letter "W" is registered as *W. Clyde Harer;* that there are

only three persons on the registration list having the surname of Harer whose Christian name begins with the letter "C" and the Christian name of those persons, in each instance, is *Charles*.

The witness Rook further testified that the official tabulated returns show the number of votes cast by means of so-called "write-ins" for the two leading candidates for the nomination for the office of register and recorder on the Democratic ticket is as follows:

| | |
|---|---|
| William Mikusinski | 185 |
| W. H. Mikusinski | 15 |
| W. Mikusinski | 8 |
| Total | 208 |

(Four votes were cast in the name of Mikusinski alone, without any initial or Christian name preceding the name.)

| | |
|---|---|
| Warren Clyde Harer | 155 |
| Clyde Harer | 57 |
| Warren Harer | 2 |
| Total | 214 |

Elton B. Edkin, chief clerk to the county commissioners, testified that he knows Warren Clyde Harer, petitioner, and that he is known by other names, to wit, *W. C. Harer, Clyde Harer,* and *Warren Harer.* This witness testified he has resided in Lycoming County for more than 40 years and knows of no other person by the name of Harer who was a candidate for the nomination for the office of register and recorder at the said primary election.

W. Clyde Harer, petitioner, testified in his own behalf that he is County Treasurer of Lycoming County and he knows of no other person residing in Lycoming County having the surname *Harer* and the Christian name of *Warren*, or having the middle name of *Clyde* and whose initials are *W. C.* Warren Clyde Harer

testified he was a candidate for the nomination for the office of register and recorder and filed a petition as a candidate on the Republican ticket. He further testified that he asked some of his friends in the Democratic Party to write in his name on the Democratic ballot.

Petitioner then called, in order, Louis A. Wetzel and Edward R. Dwyer, who testified they are registered electors of the Democratic Party and that at the primary election September 14, 1943, they cast votes in the name of *Clyde Harer* as candidate for the nomination for the office of register and recorder by writing in his name on the Democratic ballot. Edward M. Flynn testified he is a duly-registered elector and member of the Democratic Party and wrote in the name of *Warren Clyde Harer* as a candidate for the nomination for the office of register and recorder. Each of these electors identified petitioner, in open court, as the person for whom he intended to cast his vote.

Helen H. Goodman and Oscar L. Harer, a brother of petitioner, testified that petitioner is known under the names of *Warren Clyde Harer, Clyde Harer, W. Clyde Harer, Warren Harer* and *W. C. Harer.*

Margaret Krezmer testified she is deputy county treasurer of Lycoming County and that, acting in this capacity, she receives checks made payable to the County Treasurer of Lycoming County by various persons in the payment of taxes and in paying the statutory fees for hunting and fishing licenses. She testified some checks are drawn to the order of Clyde Harer, some to W. C. Harer, some to W. Clyde Harer, and some to Warren Clyde Harer, as county treasurer; that, by reason of such checks drawn to his order under the various names as above stated, County Treasurer Harer, in endorsing these checks for deposit, caused a single rubber stamp to be used bearing the following printed endorsement, to wit, "Pay to the order of Williamsport National Bank, Williamsport, Pennsylvania, Warren Clyde Harer, W. Clyde Harer, W. C. Harer,

Warren Clyde Harer, Treasurer; W. Clyde Harer, Treasurer; W. C. Harer, Treasurer; Warren Clyde Harer, County Treasurer; W. Clyde Harer, County Treasurer; W. C. Harer, County Treasurer, County Treasurer, Treasurer of Lycoming County, Warren Clyde Harer, Collector; W. Clyde Harer, Collector; W. C. Harer, Collector".

For the purpose of showing that this single rubber stamp endorsement was not a recent innovation, Margaret Krezmer identified a canceled check introduced in evidence, issued by herself to County Treasurer Harer, dated November 6, 1941, in payment of the purchase price of a property sold at county treasurer's sale for taxes, which contained the above stamped endorsement made by a single rubber stamp.

Ralph C. Gingrich, called by petitioner, testified he is vice president and cashier of the Williamsport National Bank and that this bank receives deposits from the County Treasurer of Lycoming County. He identified the canceled check produced by the witness Margaret Krezmer and said his bank had handled this check and at the time of the deposit it bore on the back the rubber stamp endorsement above described. Mr. Gingrich identified petitioner, present in court, as the one who was known by the Williamsport National Bank under the various names of *Warren Clyde Harer, Clyde Harer, Warren Harer,* and *W. C. Harer.*

No other testimony was offered by petitioner and no one appeared at the hearing to present testimony in contradiction of the claims made by petitioner.

From the testimony we are convinced there was no registered elector residing in Lycoming County at the time of the primary election on September 14, 1943, having the surname of *Harer* who was a candidate for the office of register and recorder on the Democratic ticket other than petitioner, Warren Clyde Harer.

We are also satisfied that Warren Clyde Harer, Clyde Harer, and Warren Harer are one and the same person.

Therefore, we conclude that the identity of petitioner, Warren Clyde Harer, under the different names "written in" by voters on ballots of the Democratic Party, is established by clear and positive testimony and that the 155 votes cast for Warren Clyde Harer, the 57 votes cast for Clyde Harer, and the 2 votes cast for Warren Harer were intended for and should be credited to Warren Clyde Harer as a candidate for the nomination for the office of register and recorder on the Democratic ticket, and that he thus received a total of 214 votes on the Democratic ticket for the nomination for this office.

From the testimony before us, we find this is the highest total number of votes given to any one candidate seeking the nomination for the office of register and recorder on the Democratic ticket at the primary election held on September 14, 1943. (See Seim's Appeal, 316 Pa. 225, In re Election of Supervisor of Whitpain Township (No. 2), 45 D. & C. 279, Tibby's Appeal, 30 D. & C. 245, Contested Nomination of David A. Hutchison, etc., 35 Montg. 293, 9 R. C. L. 1144.)

### Order

And now, to wit, October 13, 1943, we find the said petitioner, Warren Clyde Harer, received 214 votes for the nomination for the office of register and recorder of Lycoming County on the Democratic ticket at the primary election held September 14, 1943; that this is the highest number of votes cast by the electors of Lycoming County on the Democratic ticket for a candidate for the nomination for this office; and that a certificate shall be issued to him by the county board of elections evidencing his nomination.