## Hafer's Petition

*Mark C. McQuillen,* for petitioner.
*Charles W. Matten,* contra.

SHANAMAN, J., August 25, 1945.—At the primary election held in Muhlenberg Township on June 19, 1945, for the office of tax collector of said township, the return of the county board of elections, with reference to the votes cast, showed that in the Republican primary Earle E. Hafer received two votes by writing in and Edward R. Deem received 17 votes by writing in. These names are the correct names of the persons signified. Neither of them were technically qualified candidates on the Republican ticket for the office of tax collector and all votes cast for them were written in. The tabulation of votes, as compiled by the county board of elections, showed that other names similar but not identical with their true names, were written in by the electors. The complete tabulation (exhibit 1) is as follows:

| | | | |
|---|---|---|---|
| E. Hafer | 1 | Edward R. Deem | 17 |
| Hafer | 12 | Ed R. Deem | 1 |
| Earl E. Hafer | 5 | E. R. Deem | 1 |
| Earle Hafer | 10 | Ed Deem | 1 |
| Earl Hafer | 8 | Deem | 2 |
| Earle E. Hafer | 2 | Edward R. Deam | 1 |
| Earl R. Hafer | 1 | | |
| Earl Haffer | 1 | | |
| Earle Haffer | 1 | | |
| E. Hafer | 2 | | |
| **Total** | **43** | **Total** | **23** |

Names irregularly or erroneously spelled were not cumulated by the board. Thereupon Earle E. Hafer petitioned this court for an order declaring him "to be nominated at said election by more than one party but under different names". A hearing was held at which counsel for Hafer and counsel for Deem made certain stipulations, and also certain statements in the presence of each other, for the guidance of the court. From the record we gather that both Deem and Hafer are residents of the district; that neither contests the eligibility of the other to the office; that the name of no formal or regular candidate appeared on the Republican ticket, or, if such name did appear, the votes cast by the Republican electors for Deem and Hafer respectively are the only ones material to the present issue. It has been stipulated that the voting was done on voting machines; that both Deem and Hafer were on the Democratic ticket as candidates for the office, and that in the Democratic primary Deem won the Democratic nomination. It appears further that Earle E. Hafer has been tax collector for eight years and is very well known in the district; that there are 18 or 20 different Hafers in the township, but no other Earle E. Hafer, and no other residents going under the Hafer or Haffer names as written on the ballot, with an addition. As to the 12 ballots cast for the bare name of "Hafer", without an addition, petitioner does not seek cumulation. If all except these 12 are cumulated to the benefit of petitioner he will have 31 votes, or a plurality over the 17 (or, by cumulation, 23) votes cast for Edward R. Deem. The position taken by Mr. Deem is that the court has no authority to cumulate the votes, and that the return must, therefore, stand unaltered at 17 for Edward R. Deem, and two for Earle E. Hafer.

Petitioner bases his application first on the Pennsylvania Election Code of June 3, 1937, P. L. 1333,

art. XIV, sec. 1406, 25 PS §3156. This section expressly creates a remedy for "Any person who has been nominated at a primary election by more than one party for the same office under different names". Since it has been stipulated that Deem won the Democratic nomination in that party's primary, Hafer has not upon the evidence been nominated by more than one party for the same office, and section 1406 therefore does not apply.

Petitioner next contends that his petition is authorized by section 1407 of the Pennsylvania Election Code, of June 3, 1937, P.L. 1333, 25 PS §3157, which permits "Any person aggrieved by any order or decision of any county board regarding the computation or canvassing of the returns of any primary or election," to "appeal therefrom within two days after such order or decision shall have been made, whether then reduced to writing or not, to the court of common pleas of the proper county, setting forth why he feels that an injustice has been done, and praying for such order as will give him relief". This section cannot avail petitioner for two reasons. Section 1227(d) of article XII, of the Election Code of June 3, 1937, P. L. 1333, 25 PS §3067(d), provides that the election officers, in returning any irregular votes cast by voting machine, i. e., names "written, deposited or affixed" upon such device, "shall record any such names exactly as they were written, deposited, or affixed". Section 1405 of article XIV of the same act, 25 PS §3155, provides that "The county board, in computing the votes cast at any primary or election, shall compute and certify votes cast on irregular ballots exactly as such names were written, stamped, affixed to the ballot by sticker, or deposited or affixed in or on receptacles for that purpose, and as they have been so returned by the election officers." This provision forbids cumulation of votes which petitioner seeks, and was so construed and applied in the

case of Election of Committeewoman in Bullskin Township, 3 Fayette 151. In discussing the petition the court there said (p. 154):

"The Election Code provides a method by which the electors may, on a voting machine, vote for a person whose name is not printed on the machine label. When votes are so cast, the duty of the election officers is plainly outlined in the Election Code. . . . We find no authority for counting all the irregular votes as they appeared upon the paper roll for any particular person. The Act does not provide for the cumulation of such irregular votes. It may well be that the electors intended to cast these irregular votes for Sadie Reed, but they failed in expressing that intention by the manner in which they wrote the name on the paper roll, a part of the equipment of the voting machine.

"The Return Board was right in refusing to credit Sadie Reed with more than six votes in which both her first and last name were written." See also In re Election of Supervisor of Whitpain Township (No. 2), 45 D. & C. 279, 282, which distinguished between paper ballots, where no machines were in use, and machine voting, and allowed cumulation where no machines are in use.

Counsel next contend that the cited authority from Fayette County was wrongly decided, and that section 1405 should be held unconstitutional on the ground that it works an inequality among electoral districts in that the voters in a district that has not adopted voting machines may still in certain circumstances have their votes for a certain candidate cumulated, though they have not all written or spelled the name of the candidate alike. The power of the county board to canvass and compute the returns of the primaries and elections, and to summon witnesses under subpœna, sections 302 and 304 of the Election Code of 1937,

25 PS §§2642, 2644, has been held to clothe the board with quasi-judicial functions: Boord et al. v. Maurer et al., 343 Pa. 309, 312. The board has accordingly been held qualified to cumulate votes cast under different names for the identical person in districts not using voting machines: In re Election of Supervisor of Whitpain Township (No. 2), 45 D. & C. 279. The distinction in the case of voting machines that has been created by section 1405 is, we think, reasonable, and not such as obliges us to declare the section unconstitutional. In order to ascertain the choice of the voter, the legislature has the duty to prescribe in what form and manner his choice, whatever it may be, shall be indicated by him. Thus, clause (e) of article XII, sec. 1216, provides that, with some exceptions, "no irregular ballot shall be cast on a voting machine for any person for any office, whose name appears on the machine as a candidate for that office, and any ballot so cast shall be void and not counted". We have found no case in which this provision has been declared void, despite the fact that it invalidates a vote which the voter has taken pains to write perfectly and insert in the machine. The rule is essentially a prescription to the voter of the manner in which he shall indicate his choice when using a special and complex equipment, the proper use of which by the electorate may require somewhat different rules from those which attend elections by ballot. Similarly, the rule forbidding cumulations by electoral boards or by the county board of irregular ballots cast on voting machines, is in essence a prescription by the legislature of the manner in which the voter shall make known his choice. We point out further, that the election under consideration having been a primary one, the voters of Muhlenberg Township are deprived of no opportunity to elect a particular individual in November. In Wilson v. Philadelphia et al., 319 Pa. 47, the court in upholding the Act of June 14, 1935, P. L. 337, ob-

served that by the legislation in question (p. 49) : "The voters are deprived of no opportunity to elect a particular individual to office, for even though the members of one party are unable to vote for him at the primary because the candidate has filed with another party, they are still at liberty to cast their ballots for him at the general election."

The second reason why the petition must be dismissed is jurisdictional, and consists in the circumstances that the petition was filed too late. It has been stipulated that the county board, while it certified the results of the election generally on July 12, 1945, filed no certification of the electoral results with regard to the office in question. The petition was filed July 6, 1945, and avers that the county board of elections took the action complained of on June 28, 1945, when, as averred and stipulated, the county board canvassed the vote in the Republican primary, with the following result, Edward R. Deem, 17 votes; Earle E. Hafer, two votes. The petition is invalid because it was not filed within two days after June 28th, as the act required. In McIntyre's Appeal, 343 Pa. 87, the court said (p. 93) :

"If Garvey was 'aggrieved' by the action of the county board, he did not evidence that fact by taking an appeal. McIntyre, of course, had no reason to appeal. Therefore the 'order or decision' of the county board, so far as concerned the Democratic nomination for School Director, stands as an order not appealed 'within two days after such order or decision (was) made,' or at any other time."

"It is elementary that 'the right to an appeal at law is and always has been statutory. It is a remedy which the legislature may in its discretion grant or take away, and it may prescribe in what cases and under what circumstances, and from what courts appeals may be taken. . . .

"The County Board is under the Election Code a tribunal which has the power to make such an 'order or decision' as it made in favor of McIntyre and against Garvey in the instant case. The Code also prescribes when 'any person aggrieved' must appeal from that 'order and decision' unless he is satisfied to let it stand": id. 95. In the case of the Computation of Vote Cast at Primary Election for Office of State Senator, Phillips Petition, 19 Lack. Jur. 184, the petition was filed after the statutory time limit had expired, and for that reason was held invalid. In an election year the time limits attached by the election code to the enforcement of various rights by electors, candidates and committees are an essential and important part of the entire system for ascertaining the will of the public. Tardiness in filing a petition within the time allowed by the legislature may divest a candidate's right as thoroughly as tardiness in registration may divest the right of an elector to receive a ballot at the ensuing election.

And now, to wit, August 25, 1945, the petition is dismissed.