## City of Pittsburg, Appellant, *v.* The Third Presbyterian Church.

*Taxation—Exemption—Churches—Janitor's residence.*

A janitor's residence built by a church upon the church lot and separated from the church building, is not exempt from municipal taxation. A janitor may be a necessity for a church but it does not follow that a residence for his comfort and convenience is.

Argued April 11, 1899. Appeal, No. 49, April T., 1899, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1894, No. 15, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by BEAVER, J.

Scire facias sur lien for municipal taxes. Before COLLIER, J.

It appears from the record that the city assessed for municipal taxes a lot of ground belonging to the defendant. On the trial of the case it appeared that the lot and dwelling house described adjoined a church building, being some twenty feet distant, and was occupied by the sexton of the church as a residence. The taxes amounted to $96.88 with five per cent for collection.

The plaintiff presented the following points:

[1. The property described within the lien on which this case is founded not being an actual place of religious worship, is not within the power of exemption conferred on the legislature by article 9, section 1 of the constitution, and therefore the verdict should be for the plaintiff. *Answer:* Refused and bill sealed for plaintiff.] [2]

[2. The property described within the lien on which this case is founded not being a church, meetinghouse or other regular place of stated worship, is not within the meaning of the Act of May 14, 1874, P. L. 158, and not exempt from taxation, there-

fore the verdict should be for the plaintiff. *Answer:* Refused and bill sealed for the plaintiff.] [3]

The court below instructed the jury to find a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in directing a verdict for defendant. (2, 3) Refusing plaintiff's first and second points, reciting same.

*J. H. Beal,* with him *Clarence Burleigh* and *Wm. W. Ford,* for appellant.—This lot and dwelling is not exempt from taxation. The legislation upon this subject is found in article 9, section 1 of the constitution.

If the sexton's house does not come within this phrase, then no matter what the construction of the act of 1874 might be, the property is not exempt, because the act of assembly cannot go beyond the authority vested in the legislature by the constitution.

In Church of Our Saviour v. Montgomery Co., 10 W. N. C. 170, the Supreme Court held that a parsonage was not exempt.

*Edwin W. Smith,* with him *Thomas W. Bakewell,* for appellee. —The Supreme Court has held that the words "institutions of purely public charity" in the constitution cover "the grounds thereto annexed necessary for the occupancy and enjoyment of the same:" Northampton County v. Lafayette College, 128 Pa. 132.

The words applied to colleges are the same as applied to churches: Hospital v. Delaware Co., 169 Pa. 305.

In the case of Phila. v. The Church, 134 Pa. 207, it was held that the church, the church school and the churchyard were exempt from the payment of an assessment for laying water pipes.

In the case of Northampton Co. v. The Church, 5 Pa. C. C. R. 416, held that a part of the church building used as a parsonage was exempted.

And in the recent case of White v. Smith, 189 Pa. 222, it was held that the church school and the convent building used in connection with the school were free from taxation.

OPINION BY BEAVER, J., May 1, 1899:

The constitution of the commonwealth confers specific authority upon the general assembly to "exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit and institutions of purely public charity:" art. 9, sec. 1. The language used expresses the clearest possible determination to limit the general assembly in the exercise of the power to exempt. It not only limits the objects but hedges these objects about with words of description which, if they mean anything, are words of limitation. In the exercise of the authority thus conferred, the general assembly, by the Act of May 14, 1874, P. L. 158, provided " That all churches, meeting houses or other regular places of stated worship, with the grounds thereto annexed, necessary for the occupancy and enjoyment of the same; " and other property in the act specified and described " are hereby exempted from all and every county, city, borough, bounty, road, school and poor tax ; Provided, that all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid and from which any income or revenue is derived shall be subject to taxation, except where exempted by law for state purposes, and nothing herein contained shall exempt same therefrom." Here again the language is carefully chosen and is that of express limitation, and courts in construing it are bound to take notice of the evident legislative intent conveyed thereby.

The defendant, having a lot on Sixth avenue in the city of Pittsburg, upon which its church building was erected, caused to be built within the inclosure and at the rear of said lot about twenty feet distant from the said church building a two-story brick dwelling house occupied by the janitor of the church. This building fronts upon and has an entrance from Cherry alley and is entirely independent, so far as its structure and location are concerned, from the church building proper. The plaintiff caused the lot eighteen feet front on Cherry alley, extending back fifty-one feet, occupied by the janitor's dwelling house, to be assessed for taxation, and municipal taxes were duly assessed thereon. Upon their nonpayment, a municipal lien was duly filed and a scire facias issued thereon. At the trial both sides asked for binding instructions. There is no question as

to the regularity of the proceedings and no dispute as to the facts. It is not claimed that the defendant is an institution of purely public charity. If exempt from taxation, the exemption must be based upon the clause of the act of 1874, supra, relating to churches, etc. It is very evident, however, that the lot in question and the structure thereon erected are in no sense part of a church, meeting-house or regular place of stated worship. It is a separate, distinct and independent structure and has no direct or physical connection with the church building proper. Is it then included within "the grounds thereto annexed necessary for the occupancy and enjoyment of the same?" Ground for entrance and exit for securing air and light, for the purposes of architectural and natural adornment, for the erection of horse sheds and, in the country, for shade and, among those who prolong their religious services during a large part of the day, places for refreshment, such as springs of water, etc., all may be included as necessary for the occupancy and enjoyment of church or meeting-house in the ordinary sense of the term. A janitor may also be a necessity but it does not follow that a residence for his comfort and convenience is such. It is doubtless true that in the present case the proximity of the janitor's house is a great convenience but not greater than if he lived across the alley—about the same distance from the church building as now. The necessity for the residence of a pastor is undoubtedly as great as for a janitor, but in such a case it has been distinctly ruled that "a parsonage cannot be considered as an actual place of religious worship, though erected upon ground appurtenant to a church but not a part thereof:" Church of Our Saviour v. Montgomery Co., 10 W. N. C. 170. The citation by defendant of the Lafayette College case and the late case of White v. Smith, 189 Pa. 222, is not relevant, as they relate to institutions of purely public charity and are ruled distinctly upon that ground. The same may be said of our Haverford College case, 6 Pa. Superior Ct. 71.

We are of the opinion that the plaintiff's point for binding instructions should have been affirmed and that of the defendant refused.

The judgment is, therefore, reversed and a new venire awarded.