Philadelphia, to use, *v*. Overbrook Park Congregation, Appellant.

582

Argued March 20, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Morton Silver*, for appellant.

*Lester S. Hecht*, for appellee.

OPINION BY RHODES, P. J., October 1, 1952:

This is an action of scire facias sur municipal lien in which the use-plaintiff asserts a municipal claim

for cartway paving against a vacant lot of ground owned by the appellant, a Pennsylvania non-profit corporation.[1] The lot is located on Woodbine Avenue, near 76th Street, in the City of Philadelphia. The work of paving the cartway took place during November and December, and was completed on December 14, 1950.

In its affidavit of defense to the scire facias, appellant averred that between September 11 and October 2, 1950, it had conducted religious services in a tent erected on the lot; that the lot had been purchased on February 28, 1950, for the conduct of religious services within the Jewish religion; and that "Continuously from the 28th day of February, 1950, the aforesaid date of defendant's [appellant's] acquisition of the said premises and including the time of the said paving, the defendant's premises were as aforesaid used by the defendant as an actual place of religious worship, were thus by law exempt from taxation and according to the provisions of the Act of May 16, 1923, P. L. 207, §5, as amended by the Act of May 4, 1927, P. L. 733, §1, the said premises are not subject to a municipal claim for cartway paving." In granting the use-plaintiff's motion for judgment for want of a sufficient affidavit of defense, the court below held that the facts averred by appellant did not show the ground

---

[1] Its purposes, as set forth in the affidavit of defense, are as follows:

"To maintain and establish a synagogue for divine worship;

"To conduct a school for instruction in Hebrew, Jewish religion, history and other cognate subjects;

"To create a communal center for Jewish social, educational and religious activities;

"To establish and maintain a mode of worship which shall be in accordance with the tenets, precepts and ritual tradition of conservative Judaism."

was used as an "actual place of religious worship"; and that consequently it was not exempt under the Municipal Lien Act of 1923, P. L. 207, as amended, 53 PS §2025, from the claim for cartway paving. This appeal by the Overbrook Park Congregation followed.

Appellant's claim for exemption arises under section 5 of the Act of May 16, 1923, P. L. 207, as amended, 53 PS §2025, which provides as follows: "All real estate, by whomsoever owned and for whatsoever purpose used, other than property owned by the State or the United States, shall be subject to all tax and municipal claims herein provided for, except that all property owned by any county, city, or other municipality or municipal division, and actual places of religious worship, . . . shall not be subject to tax or municipal claims on property, by law, exempt from taxation except for the removal of nuisances, for sewer claims and sewer connections, or for the curbing, recurbing, paving, repaving, or repairing the footways in front thereof."

The facts averred in the pleadings are not in dispute. The question raised is one of law—whether, under the admitted facts, this property is exempt from the municipal claim. More specifically, appellant's affidavit of defense averred that on September 9, 1950, it rented and caused to be erected on the lot a canvas tent seating 800 persons; that on September 11 and 12, 1950, it conducted religious services of Rosh Hashana in the tent, during which time 750 worshippers were in attendance; that on September 16, 1950, it conducted Sabbath religious services in the tent with about 200 present; that on September 20, 1950, services of Yom Kippur were conducted with 800 persons present, and that on September 25 and 26, and October 1 and 2, 1950, religious services of Succoth were conducted in the tent with 50 to 150 persons attending

each meeting. On October 3, 1950, the tent was removed from the lot. It was further averred that construction of a building to house a synagogue was begun in February, 1951, with the intention of holding services therein by October, 1951.

As a claimant for exemption, the burden was upon appellant, owner of the lot, to bring itself clearly within the exempting statute. *Wynnefield United Presbyterian Church v. Philadelphia,* 348 Pa. 252, 255, 35 A. 2d 276. Article 9, §1, of the Pennsylvania Constitution provides that the General Assembly may, by general laws, exempt from taxation "actual places of religious worship." The present Act of Assembly exempting property from general public taxation, passed under this constitutional provision, is the Act of May 22, 1933, P. L. 853, Art. II, §204, as amended, 72 PS §5020-204; and this Act (section 204 (a), 72 PS §5020-204) exempts "All churches, meeting-houses, or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same; . . ." The Act of May 14, 1874, P. L. 158, contained the same provision for exemption from taxation. This exemption clause is in substance similar to that contained in the Municipal Lien Act of May 16, 1923, P. L. 207, as amended, 53 PS §2025. These statutes were enacted under the authority of the constitutional provision permitting exemption to "actual places of religious worship," and decisions under one statute are relevant as to the other. Cf. *Harrisburg v. Ohev Sholem Congregation,* 32 Pa. C. C. 589, 9 Dauph. 184.

In *Mullen v. Commissioners of Erie County,* 85 Pa. 288, 291 (1877), it was held that land upon which a church was being erected was not exempt from taxation under the provisions of the Act of May 14, 1874, exempting "churches, meeting-houses, or other regular places of stated worship."

In the *Mullen* case, Chief Justice AGNEW pointed out that the Constitutional Convention, by the use of the words "actual places of religious worship," confined legislative power to exempt to the use itself, irrespective of the character of the building, stating, at page 292 of 85 Pa.: "It is thus clear, from both the constitution and the law, it is the use, not the building, which defines the exemption. But the use which is made of a place is a present fact, not something ideal or in contemplation merely. If religious or public worship have not been held in the place, indeed, statedly held in it, the place itself has not a character. At some day, distant or near, it may be intended to be used for stated public worship, but the fact that it is not now used strips it of its only title to exemption. . . . A building intended for a church may never be finished, or its use may be changed. On what principle, under the new constitution, should the property be exempted from taxation before it can be used, when it is the use only which gives it a title to exemption?"

The occasional use of a vacant lot, adjoining a church structure, for open air services, would not be sufficient to bring it within the exempting provision of the general tax statute as a "regular place of stated worship." *Wynnefield United Presbyterian Church v. Philadelphia,* supra, 348 Pa. 252, 254, 35 A. 2d 276. In order to come within the exemption authorized by the Constitution, the property must be an "actual place of religious worship"; and this contemplates a place where people *statedly* join together in some form of worship. *Laymen's Week-End Retreat League of Philadelphia v. Butler,* 83 Pa. Superior Ct. 1, 6. Cf. *Temple Israel of Wynnefield v. Philadelphia,* 42 Pa. D. & C. 638.

From the time of acquisition in February, 1950, to September of the same year, no religious services were held on the property in question. Special services were

held in the rented tent on only eight days during September and October of that year. Immediately thereafter the tent was removed, and the lot was again vacant for some time before the work of paving commenced. The lot was not used for any religious worship or other purpose during the time the paving was in progress, nor was it being used at the time the paving was completed on December 14, 1950. The tent which had been erected was a temporary and removable shelter, and the eight services held therein were confined to a period of less than a month. Admittedly it is the character of the use and not the amount of it that determines the right to exemption. *Contributors to the Pennsylvania Hospital v. Delaware County,* 169 Pa. 305, 309, 32 A. 456. But the result depends upon the cumulative effect of all the relevant facts. The admitted facts in this case were not sufficient to render the property "an actual place of religious worship" at the time the liability for the lien accrued. Neither a contemplated future use nor an abandoned temporary use is sufficient to bring the property within the exemption clause of the Municipal Lien Act. Appellant's affidavit of defense was insufficient to prevent judgment.

The order and judgment of the court below are affirmed.