## Parente Appeal.

Argued September 30, 1957. Before JONES, C. J., BELL, CHIDSEY, ARNOLD, JONES and COHEN, JJ.

250

*Morris M. Berger,* with him *Bernard S. Shire* and *Berger and Berger,* for appellant.

*D. J. Snyder, Jr.,* with him *Wayne R. Donahue* and *Kunkel & Trescher,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, October 7, 1957:

At the primary election in the City of Monessen, Westmoreland County, on May 21st last, where voting machines were used, there were no candidates for the nomination for Mayor on the Republican ticket. An extensive write-in campaign was conducted by certain citizens with a view to obtaining that nomination. The principal contenders in such manner were Hugo J. Parente and John R. Stieska, both of whom were the named candidates on the Democratic ticket for the nomination for Mayor. Parente won the Democratic nomination, but that has not been contested and is not an issue here.

As a result of the write-ins on Republican ballots, the votes for the two principal contenders for the nomination for Mayor, as counted, computed and returned by the county election board, were as follows:

John R. Stieska, 58; John Stieska, 33; J. Stieska, 13; J. R. Stieska, 1; Stieska, 59; John T. Stieska, 1; John S. Stieska, 1; John Steiska, 2; Steiska, 1; Sleiska, 1; Hugo J. Parente, 70; Hugo Parente, 27; H. Parente, 8; Parente, 38; Parenti, 5; Hugo Parenti, 1. It is apparent that, if the foregoing votes are cumulated, Stieska received 170 and Parente 149.

Stieska duly requested the county election board to cumulate all of the votes cast in the various forms of his name as written in on the voting machines and to declare him the successful nominee for the office of Mayor on the Republican ticket. The board asserted that it was without power so to do by reason of provisions of the Pennsylvania Election Code with respect to write-in votes on voting machines. The board credited the two candidates with only such votes as were written in with their full names. Accordingly, John R. Stieska was shown by the board's certification as having received 58 votes and Hugo J. Parente 70 votes. Stieska appealed the board's action to the Court of Common Pleas which, after a hearing at which testimony was taken, sustained the appeal and ordered that the write-in votes be cumulated, thereby crediting Stieska with 170 votes and Parente with 149 votes. The court further ordered that the county election board certify John R. Stieska as the Republican nominee. To this order, Parente filed exceptions which the court en banc dismissed and adopted the opinion and decree of the hearing judge in a final order, from which Parente has appealed.

The decision of the court below is correct. The appellant contends, however, that Section 1405 of the Election Code of June 3, 1937, P. L. 1333, 25 P.S. §3155, applies exclusively to write-in votes recorded on voting machines and that, under that section, the county election board has no authority but to compute and certify the write-in votes as so directed. Section 1405 provides that "The county board, in computing the votes cast at any primary or election, shall compute and certify votes cast on irregular ballots exactly as such names were written, stamped, affixed to the ballot by sticker, or deposited or affixed in or on receptacles for that purpose, and as they have been

so returned by the election officers." Section 1101(4) of the Code (25 P.S. §3001(4)) defines an "irregular ballot" as ". . . the paper or other material on which a vote is cast on a voting machine for persons whose names do not appear on the ballot labels . . .". It is plain enough that Section 1405 has exclusive reference to "irregular ballots" on voting machines. But, the fact that the election board's duty in the first instance is, as declared by Section 1405 with respect to "irregular as declared by Section 1405 with respect to "irregular ballots", does not preclude the Court of Common Pleas, upon the appeal of a decision of the county election board, from cumulating votes for a candidate by write-ins on voting machines, if the evidence so warrants it, in order to effectuate the will of the voters. That is the only question which this appeal raises.

In *McCracken Appeal*, 370 Pa. 562, 88 A. 2d 787, we held that, under Section 302 of the Election Code (25 P.S. §2642) which prescribes the powers and duties of county election boards, a county board has power to determine the intention of a voter and to cumulate ballot write-ins for any candidate, ascertained by the board after appropriate proceedings to be entitled to them. The question in the *McCracken* case is of course not present here. The board in this instance did not attempt to cumulate the write-in votes on the voting machines. Consequently, no question as to the board's power in such regard is now before us. However, the *McCracken* case is presently material in what it ascribes as among the powers of an election board, for, since an election board has the power in certain instances to cumulate write-in votes, to the same end a Court of Common Pleas has the power under the appellate provisions of the Code to review the action of the board. We recognized in the *McCracken* case that ". . . the Legislature has entrusted the Coun-

ty Board of Elections with plenary powers in the administration of the election code" and, in justification of that conclusion, we quoted at length pertinent statements from *Boord v. Maurer,* 343 Pa. 309, 312, 22 A. 2d 902.

The appellant argues that the *McCracken Appeal* is to be distinguished from the instant case for the reason that there the write-ins, which were cumulated, were on paper ballots. That is true but the distinction fails to point a legally significant difference. Section 1222(c) of the Code, 25 P.S. §3062(c), provides generally that "In returning any votes cast for any person whose name is not printed on the ballot, the election officers shall record any such names exactly as they were written, stamped or applied to the ballot by sticker." Thus, what Section 1405 prescribes as to voting machine write-ins, Section 1222(c) prescribes as to paper ballot write-ins. Of course the right of a candidate to cumulation of write-in votes can be no different whether they are written in on voting machines or on paper ballots. Otherwise, there would be a want of the State-wide uniformity which Article VIII, Section 7, of the Pennsylvania Constitution requires as to "All laws regulating the holding of elections by the citizens" etc. Only by construing Section 1405 in *pari materia* with Section 302, which prescribes the powers and duties of election boards and which we construed in *McCracken Appeal,* supra, to embrace the power on the part of the election board to cumulate write-in votes on paper ballots, and with Section 1222(c) can Section 1405 be made a constitutional part of the Election Code. To construe a statute, if at all possible, so as not to render it unconstitutional, is our bounden duty. Statutory Construction Act of May 28, 1937, P. L. 1019, Section 52(3), 46 P.S. §552(3).

We need not point out the many obvious illogical and anomalous situations that would arise as between election districts of the same municipality where voting machines are used in some districts and not in others, were we to construe Section 1405 of the Code as meaning that a candidate may not have write-in votes for him on voting machines cumulated. Nor is it necessary to discuss the merit of the findings which President Judge LAIRD so convincingly demonstrated in the opinions for the court below.

Order affirmed.