Second Church of Christ Scientist of Philadelphia *v.* Philadelphia, Appellant.

Argued November 10, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

reargument refused January 25, 1960.

*David Berger*, City Solicitor, with him *Yale B. Bernstein*, Assistant City Solicitor, and *James L. Stern*, Deputy City Solicitor, for City of Philadelphia, appellants.

*Henry T. Reath*, with him *Duane, Morris & Heckscher*, for appellees.

OPINION BY MR. JUSTICE BOK, December 30, 1959:

Two churches have sought exemption from City and School real estate taxation on parking lots created by them on their land contiguous to the church buildings. The lower court denied the exemption and the Superior Court reversed. We have taken the case on allocatur.

Although the churches are in different parts of Philadelphia, the essential facts, which are simple and not in dispute, are alike. The land in both cases is used solely for parking, no religious services are held on it, and it is not needed for ingress or egress or for light and air.

The churches argue that a parking lot is necessary in this modern age, not only as a needed convenience but as an adjunct necessary to the church's fulfilling its purpose as a place of worship. We cannot credit this argument.

It should be clearly borne in mind that the issue is not whether these churches may have parking lots on their land but only whether the ones they have are to be taxable or exempt. We think they are taxable.

The State Constitution, in Article IX, §1, provides: ". . . the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity, and real and personal property owned, occupied and used by any branch,

post, or camp of honorably discharged soldiers, sailors and marines."

The Legislature consequently passed the Act of May 22, 1933, P.L. 853, Art. II, Sec. 204, as amended, 72 P.S. §5020-204, which provides: "The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit: (a) All churches, meeting-houses, or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same; . . ."

It is apparent that the "actual" nature of worship on the place sought to be exempt is a constitutional requirement, and that the "necessary" status of the ground annexed is legislative. Hence we hold, and appellees concede, that the exemption of church property is constitutionally restricted, as educational and charitable property is not, to the actual place of worship: *First Baptist Church of Pittsburgh v. Pittsburgh*, 341 Pa. 568 (1941), 20 A. 2d 209. This distinction between church and charitable exemptions has been deliberately and clearly drawn: *Parmentier Trustees' Appeal*, 139 Pa. Superior Ct. 27 (1940), 11 A. 2d 690.

If this is well understood it becomes obvious that a parking lot, which admittedly is not the scene of any religious observance, cannot be an actual locus of worship without borrowing status from the church structure. To achieve it, appellees offer very meager fare from the precedents. In the *First Baptist Church* case we spoke of "necessary" as being reasonable and not absolute, but at once excluded from it what is merely desirable. We also limited necessity to entrance, exit, light, and air, and denied exemption. In *Pittsburgh v. Third Presbyterian Church*, 10 Pa. Superior Ct. 302 (1899), the Superior Court denied exemption for a janitor's house and then indulged in variegated dictum

approving horse-sheds, shade, places for refreshment, and springs as things of religious necessity. Such dictum does not move us. There is nothing else helpful to the appellees in the precedents, unless it be the argument that in *Chevra v. Philadelphia,* 116 Pa. Superior Ct. 101 (1935), 176 A. 779, the entire synagogue building was exempt, although one floor was used as storage, for later disposal under Jewish law, of old books, damaged scriptures, and pictures. Judge KELLER added that a church building would not lose its exemption because of heating space, robing rooms, and spaces for the storage of music, hymnals, Bibles, chairs, and the like. To shred the idea finer would reduce the situation to the absurdity of taxing the space in church between the bodies of the congregation or between their heads and the ceiling. Exempting an entire building when it is all put to religious use and not to purposes of gain has a reasonable and necessary basis. See also *Wynnefield United Presbyterian Church v. Philadelphia,* 348 Pa. 252 (1944), 35 A. 2d 276.

The status of an actual place of worship has not been extended beyond ingress and egress, and light and air. We see no reason or permission, because of the constitutional provision, to extend it farther.

The authorities *contra* exemption are conclusive of our position.

In *Mullen v. Commissioners of Erie County,* 85 Pa. 288 (1877), exemption was denied to a piece of ground on which an unfinished cathedral was in process of construction. In *Pittsburgh v. Third Presbyterian Church,* supra (10 Pa. Superior Ct. 302), a janitor's house separate from the church was denied exemption. In *Philadelphia v. St. Elizabeth's Church,* 45 Pa. Superior Ct. 363 (1911), a parsonage separated from the church by a party wall was held taxable. If a clergy house cannot win exemption, *a fortiori* a parking lot should not either. In *Pittsburgh v. Third Presbyterian*

*Church of Pittsburg*, 20 Pa. Superior Ct. 362 (1902), a vacant lot held for the future erection of a church was held taxable. In *Laymen's Week-End Retreat League v. Butler*, 83 Pa. Superior Ct. 1 (1924), only that part of a religious retreat area used for actual stated worship was allowed exemption. In *First Baptist Church of Pittsburgh v. Pittsburgh*, supra (341 Pa. 568), a vacant lot, landscaped and partly cindered for parking, was being held for the erection of a parish house and an addition to the church building: it was denied exemption. In *Philadelphia v. Overbrook Park Congregation*, 171 Pa. Superior Ct. 581 (1952), 91 A. 2d 310, exemption was refused where religious services were occasionally held in a tent pitched on vacant ground where a synagogue was later built.

We are accordingly of opinion that parking is an adjunctive use of property not part of regular, stated worship and not actually used for that purpose. The appellees have not, therefore, clearly brought themselves within the exempting statute and the Constitution: *Wynnefield Presbyterian Church v. Philadelphia*, supra (348 Pa. 252) ; *Philadelphia v. Overbrook Park Congregation*, supra (171 Pa. Superior Ct. 581).

The judgment of the Superior Court is reversed. The orders of Judge LEVINTHAL of the court below and of the Board of Revision of Taxes are affirmed, and the petition for exemption is denied.