In Re: Appeal of the Holland Universal Life Church of Love and Rev. Robert B. Graham, Sr., Pastor and Associate Pastor Daniel J. Callahan From the Bucks County Board of Assessment Appeals. County Tax Parcel No. 31-43-56.

Holland Universal Life Church of Love, Rev. Robert B. Graham, Sr., Pastor and Associate Pastor Daniel J. Callahan, Appellants.

Argued September 29, 1978, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Rev. Robert B. Graham, Sr.,* appellant, for himself.

*Donald B. McCoy* and *Robert L. White,* with them *Robert C. Steiger,* for appellees.

OPINION BY JUDGE WILKINSON, JR., November 21, 1978:

This is an appeal from an order affirming the denial by the Bucks County Board of Assessment Ap-

peals (Board) of an application for tax exemption for the dwelling house and lot of Robert B. Graham, Sr. (hereinafter appellant) and his family on the ground the premises were being used as "a church for religious services and meetings."

The subject property of this appeal was acquired by appellant and his wife by deed in 1962. From the record it appears that at no time since acquisition of the property has it ceased to serve as the residence of appellant and his family. Events commencing sometime in late 1976 or early 1977 culminated in appellant's March 7, 1977 application for exemption under Section 202(a)(1) of The Fourth to Eighth Class County Assessment Law (Law),[1] Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.202(a)(1).

On April 14, 1977 appellant was notified by mail of the Board's denial of his application. Appellant requested and on May 31, 1977 was afforded a courtesy hearing at which his application was again denied. Following affirmance of the Board's determination by the common pleas court, appellant instituted the present appeal.

Appellant conducts "services" in his home for varying numbers of persons. Although the lengthy

---

[1] Section 202 of the Law reads in pertinent part:

(a) The following property shall be exempt from all county, borough, town, township, road, poor, county institution district and school (except in cities) tax, to wit:

(1) All churches, meeting-houses or other actual places of regularly stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same.

. . . .

(b) Except as otherwise provided . . . all property real or personal, other than that which is in actually and regularly used and occupied for the purposes specified in this section, and all such property from which any income or revenue is derived . . . shall be subject to taxation. . . .

record examines in repetitive detail the nature of the "church" both physically and spiritually, the substantive content and regularity of the "services," and the mechanics of appellant church's connection with its mother organization, we think the controlling aspect of the case concerns the proper application of the statutory exemption relied upon by appellant. Accordingly we take no position on the highly controverted issues revolving around the content and validity of appellant church's creed or doctrine.

Article 8, Section 2(a) of the Pennsylvania Constitution, the source of power for exempting classes of property from taxation, provides: "The General Assembly may by law exempt from taxation: (i) Actual places of reguarly stated religious worship. ..." However, it should be emphasized that "[t]he claimant of exemption from taxation must show affirmative legislation in support of his claim, and his case must be clearly within it. The constitution exempts nothing; it merely permits the legislature to exempt, within the lines laid down for its guidance." *Philadelphia v. Barber,* 160 Pa. 123, 126, 28 A. 644, 644-45 (1894).

As already noted appellant seeks to bring the subject property within the intendment of the exemption accorded "churches, meeting-houses or other regular places of stated worship" of Section 202(a)(1) of the Law, 72 P.S. §5453.202(a)(1). This Court is therefore required to examine the parameters of that exemption.

Over a century ago, faced with the same basic question, our highest Court, speaking through Chief Justice Agnew, replied:

> If anything be plain in the constitution, and the law passed to carry out ... [the exemption] of churches from taxation, it is that a place of actual religious worship only can be exempted.

·. . . It must be a *place* of *religious* worship. . . . The convention did not mean to exempt a *place* merely; for this would be unmeaning, without something to characterize the place. But when that body said, 'an actual place of religious worship,' it expressed a general thought, which would embrace all kinds of buildings by simply defining the *use*, which was to be the ground of exemption. (Emphasis in original.)

*Mullen v. Commissioners*, 85 Pa. 288, 291 (1877).

In the more than one hundred years since the *Mullen* decision the courts of this Commonwealth have had the opportunity to clarify the type of "use" which will qualify for exemption.

Judge WOODSIDE, having occasion to consider the exemption's constitutional and legislative background, noted that there was an unsuccessful attempt to amend the constitution to provide that " 'parsonages owned by any church or religious society with the lands attached not exceeding 5 acres' " would be included in the list of exemptible classes of property. *Second Church of Christ Scientist v. Philadelphia*, 189 Pa. Superior Ct. 579, 583, 151 A.2d 860, 863 (1959). The Superior Court held that a parking lot next to a church, used by the people attending church, was exempt. It was reversed by the Supreme Court on the basis that only the place of worship, *i.e.* the church, was exempt. *Second Church of Christ Scientist v. Philadelphia*, 398 Pa. 65, 157 A.2d 54 (1959).

Thus our courts strictly construe the exemptions from real estate taxation. A janitor's residence located on church property was taxable. *City of Pittsburg v. Third Presbyterian Church*, 10 Pa. Superior Ct. 302 (1899). Vacant lots held for future construction of or addition to a church building have been held taxable. *First Baptist Church v. Pittsburgh*, 341 Pa.

568, 20 A.2d 209 (1941). This was true even where, during part of the year, religious services were conducted in a tent set up on the lot. *Philadelphia v. Overbrook Park Congregation,* 171 Pa. Superior Ct. 581, 91 A.2d 310 (1952).

Perhaps more revealing than the cases detailing particular aspects of a religious institution which may qualify as places of religious worship are those cases which suggest the kind of use required. "Actual use means exclusive use, and mere concurrent or alternate occupation does not come within the requirement for exemption. . . ." *Christian Association v. City of Philadelphia,* 75 Pa. Superior Ct. 516, 519 (1921).

Thorough examination of the record leads inescapably to the conclusion that appellant's residence was not so exclusively utilized for religious worship.

Illustrative of this Court's view of the proper test to be applied in a fact situation such as this appeal presents is the case *In Re Petition of Second Reformed Church,* 4 Dauph. 208 (1901). That case concerned a building known as a parsonage constructed on a lot with the church building in such fashion that joists of the former extended into and fastened to the timbers of the latter. The minister and his family resided in the parsonage portion where, in addition, church groups met and catechetical instruction was provided —all meetings there opened and closed with a song and prayer. Faced with such a use mixture the court said, "We are accordingly brought to the conclusion that although this property is used at times for religious services and the dissemination of religious instruction, it is not in actual or exclusive use for religious worship, [and is therefore subject to tax]." *In Re Petition of Second Reformed Church, supra* at 210. We think this reasoning applies with equal force to the facts presented by this appeal.

Accordingly, we will enter the following

ORDER

AND Now, November 21, 1978, the decree of the Court of Common Pleas of Bucks County, in No. 77-6195-04-6, entered December 22, 1977, denying Robert B. Graham, Sr.'s appeal from the Bucks County Board of Assessment Appeals decision denying tax exempt status to County Tax Parcel No. 31-43-56, is hereby affirmed.