## Saints Memorial Baptist Church v. Delaware County Board of Assessment

*Robert L. Archie, Jr.,* for plaintiff.
*A. Leo Sererri,* for defendant.
*Brian E. Bennett,* for Radnor School District.
*Eugene H. Evans,* for Township of Radnor.
*Francis Connors,* for County of Delaware.

DIGGINS, *S.J.,* June 18, 1985—Before this court today is an appeal by Saints Memorial Baptist Church, of a decision not to grant real estate property tax exemption to a property it owns in Bryn Mawr, Delaware County. The Delaware County Board of Assessments feels that the placing of the property on the tax rolls is correct and fair.

The main physical plant of Saints Memorial Baptist Church is located at 47 Warner Avenue, Bryn Mawr, Montgomery County, Pa. The property in question, 716 Roberts Road, Bryn Mawr, Delaware County, is not adjacent to the former property, but is approximately three miles away. The Warner Avenue location is the site for the church, while the

Roberts Road property is the location of a residential dwelling, a parsonage.

The primary use for the parsonage is to house Saints Memorial's minister. The Reverend Barry L. Hopkins and his family presently live at the parsonage. The Roberts Road property is also used as a location for evening prayer meetings, youth programs, and meetings of the joint Boards of Deacons and Trustees for the church. The church's main business and functions are carried out at its principal building on Warner Road.

Plaintiff, Saints Memorial Baptist Church contends that the property at Roberts Road should be exempt from property tax assessment, according to 72 P.S. §5020.204(a)(1). The issue here is whether or not the use of the property for occasional prayer services and other meetings qualifies the property to obtain tax-exempt status. The county board of assessment contends that tax-exempt status can be obtained only by places of regularly stated religious worship. In this situation, the parsonage does not meet these requirements.

At the trial before this court it was determined that the property had not achieved tax-exempt status.

From the facts presented, it does not seem necessary that the church conduct these meetings, programs and services at the property in question. The principal church site is available for such activities. Tax exemption of church property is constitutionally restricted to the actual place of worship. P.S. Const. art. 9, §1. In this situation, the actual place of worship would be the Warner Road location, not the property in question. Second Church of Christ Scientist of Phila. v. City of Philadelphia, 398 Pa. 65; 157 A.2d 54 (1960).

The court, in Appeal of Holland Universal Life Church of Love, in applying 72 P.S. 5453.202, held, although property was at times used for religious purposes, where it was not in actual or exclusive use for religious worship, it would be subject to tax. Appeal of Holland Universal Life Church of Love, 39 Pa. Commw. 529, 394 A.2d 665 (1978). The property is not used for religious worship exclusively. The minister and his family use the property for their everyday living needs. A religious institute's "all purpose" building is not necessarily a place of regularly stated religious worship entitling it to be exempt from real estate taxes. Pennsylvania Conference of Pentecostal Holiness Church v. Mercer County Board of Assessment Review, 25 D. & C. 3d 563 (1982).

In this situation plaintiff has the burden of bringing himself into the tax-exempt status. P.S. Const. art. 8, §1, 2. Saints Memorial Baptist Church has failed to do this. Plaintiff has submitted an affidavit supporting its position that other churches have obtained tax-exempt status for their parsonages, but plaintiff has failed to show that the circumstances are similar to the ones before this court.

In the alternative, plaintiff contends that tax-exempt status should be obtained under 72 P.S. §5020.204(a)(3). Plaintiff asserts that since the church is a charitable organization, that its parsonage should also obtain tax-exempt status. Plaintiff contends that since all proceeds of the church are reinvested back into the church, or used for charitable purposes, that the parsonage is a purely public charity. The court in the Robert Morris College v. Board of Property Assessment, Appeals & Review, Allegheny County, 5 Pa. Commw. 648, 662, 291 A.2d 567, 575 (1972), held:

"The fact that all the net proceeds of a business are used for charitable purposes does not make that business a charitable institution."

Therefore, Saints Memorial's practice of using its proceeds for charitable purposes does not make the parsonage a purely public charity, thereby obtaining tax-exempt status. The courts of Pennsylvania have held that it is the use of the property, and not the proceeds from the property, which determines whether tax exemption may constitutionally be granted. In re New Holland Borough Authority Tax Appeal, 62 Lanc. Rev. 61, 61 Mun. 241 (1969). A property will not be granted real estate tax exemptions simply because it is rendering a community service.

Accordingly, for the above reasons, we enter the following

ORDER

And now, this June 17, 1985, after hearing testimony and reviewing briefs of respective counsel, the following is ordered and decreed:

1. The appeal is dismissed; and,

2. The property is subject to property taxes as determined by the Delaware County Board of Assessments.