**WESLEY UNITED METHODIST CHURCH**

v.

**DAUPHIN COUNTY BOARD OF ASSESSMENT APPEALS,** **Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2003.

Decided March 4, 2004.

---

5. 42 Pa.C.S. § 8542.

Carl G. Wass, Harrisburg, for appellant.

James B. Pannebaker, Middletown, for appellee.

BEFORE: COLINS, President Judge and McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge COHN, Judge and SIMPSON, Judge.

OPINION BY Judge SMITH–RIBNER.

The Dauphin County Board of Assessment Appeals (Board) appeals from an order of the Court of Common Pleas of Dauphin County that granted the appeal of Wesley United Methodist Church (Church) and held that two parcels on which are located the parking lot used by the Church are exempt from real estate taxation. The Board states the question as whether the parking lot owned and used by the Church for its worshipers to park their vehicles is an "actual place of regularly stated religious worship" warranting exemption from real estate taxation under Article VIII, Section 2(a) of the Pennsylvania Constitution and Section 204 of The General County Assessment Law (Assessment Law), Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–204. The Church counterstates the question as whether Section 204(a)(1) of the Assessment Law, 72 P.S. § 5020–204(a)(1), exempts a parking lot annexed to a church when the lot is "reasonably necessary" for the successful operation of the church and to sustain its existence.

The Church is located at the corner of Witherspoon Avenue and Union Street in Middletown, Pennsylvania. A parking lot immediately adjacent is actually made up of two tax parcels. On July 30, 2001, the Church filed an application with the Board seeking to have the parcels declared exempt from taxation, which the Board denied after a hearing on the application. The Church filed an appeal, and the trial court held a hearing de novo on February 24, 2003. Samuel Hummert, a member of the Church since 1955 and current chair of the trustee committee, testified that the Church has been in existence for over 150 years. It is located in a residential area,

and years ago most members lived within a block or two and walked to church. Now, however, the members are aging, and most live away from the Church. He testified that in the 1980s the membership steadily declined to 300–400, with about 200 attending services. In 1989 the Church purchased the two parcels for a church parking lot, and after that membership increased to more than 700 and attendance increased to around 350. He stated that the Church regards the lot as a necessity.

Reverend Jeffrey Wakely, the senior pastor at the Church since July 1, 2002, testified that the majority of members now live outside the neighborhood. He stated that after the parking lot was provided, membership began to increase and now stands at 750. He agreed that in general an older group parks in the lot, and younger people park several blocks away. Reverend Wakely testified that there is very little off-street parking in the neighborhood, and most on-street spaces are taken up by residents. He expressed his view that the parking lot is an integral part of the Church and that without it membership would eventually decline to the point where it would not be able to sustain its ministry financially or spiritually, and the Church would have to close. Reverend Wakely referred to other churches that had parking lots which were exempt from taxation. In lieu of testimony on that issue, counsel for the Board represented that where newer churches are required by zoning codes to provide a specified number of parking spaces based upon the number of seats in the sanctuary, the Board grants the exemptions for such parking areas on the theory that the churches could not exist without them.

The trial court referred to the de novo nature of the hearing before it and the fact that the trial court is fact finder, with all issues of credibility and the weight of the evidence left to its determination. The parties agreed that Section 204(a)(1) of the Assessment Law applies, which provides:

(a) The following property shall be exempt from all county, city, borough, town, township, road poor and school tax, to wit:

(1) All churches, meeting houses, or other actual places of regularly stated religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same[.]

The Church relied primarily upon *In re Appeal of the National Shrine of Our Lady of Czestochowa*, 48 Pa. D. & C.4th 380 (2000), involving a challenge to the status of five parcels that were part of ten parcels that together made up a national shrine. One of the five parcels was used for regular parking for mass, one was used for a retention basin to control water run-off, two were used for overflow parking for religious activities and festivals and the last was an alternate roadway to the shrine from the public road. The court approved exemption for all of the parcels.

The Board relied upon *Second Church of Christ Scientist of Philadelphia v. City of Philadelphia*, 398 Pa. 65, 157 A.2d 54 (1959). The trial court noted that the Supreme Court denied exemptions for parking lots for two churches, stating that "parking is an adjunctive use of property but not part of regular, stated worship and not actually used for that purpose." *Second Church*, 398 Pa. at 69, 157 A.2d at 56. The Supreme Court rejected the argument that a lot was not merely a convenience but was necessary to the church's fulfilling its purpose as a place of worship. Although it previously had defined "necessary" as "being reasonable and not absolute," it had also "limited necessity to entrance, exit, light and air" and declined to extend the exception further to

grant an exemption for a parking lot. *Id.* at 67, 157 A.2d at 55.

■ The trial court observed that much has changed in the reality of Pennsylvania's small towns since 1959, with churches built decades ago in the heart of residential neighborhoods finding their members living in places far removed, as confirmed by testimony from the Church's witnesses. The court noted the Board's practice of granting tax exemption to the entire parcel on which a church and parking facilities are located if the parking is required by local zoning ordinance and concluded that there was little equitable or legal sense to denying exemption in this case solely because the Church is older and was constructed when no ordinance required off-street parking. Determining that the Church's parking lot had been shown to be reasonably necessary for the occupancy and enjoyment of the Church, the trial court granted the appeal.[1]

■ The Board begins by noting this Court's statement that challenges to tax exemptions involve a two-part test: first, does the stated exemption fall within the range granted by the Constitution, and second, has the General Assembly enacted legislation to exempt the property? *Pottstown School Dist. v. Hill School,* 786 A.2d 312 (Pa.Cmwlth.2001). Article VIII, Section 2(a) of the Constitution provides: "The General Assembly may by law exempt from taxation: (i) Actual places of regularly stated religious worship...." On this authority the legislature enacted Section 204(a)(1) of the Assessment Law, with its exemption for "[a]ll churches ... or other places of regularly stated religious worship, with the ground thereto

annexed necessary for the occupancy and enjoyment of the same[.]"

The Board notes that, as here, the two churches in *Second Church* also used the land at issue solely for parking, no religious services were held there and it was not needed for ingress or egress or light or air. The Board points out that the churches in *Second Church* also argued that members were relocating from residences in congested urban areas to suburban areas and found it necessary to travel to church by automobile, but the Supreme Court still declined to define parking as anything more than an adjunctive use of property and not part of regular, stated worship. In addition, the Board refers to the Supreme Court's statement in *Second Church* that the "actual" nature of worship on the place sought to be exempt is a constitutional requirement, but the "necessary" status of the ground annexed is legislative. The Board contends that the parking lot is a convenience for the worshipers as opposed to a necessity for the conduct of religious services within the house of worship and that in *Our Lady of Czestochowa* the trial court made no reference to the limitations in Article VIII, Section 2(a) of the Constitution or to *Second Church.*

The Church focuses on Section 204(a)(1) of the Assessment Law, with its exemption for actual places of worship and "the ground thereto annexed necessary for the occupation and enjoyment of the same[.]" In *Our Lady of Czestochowa,* the Church notes, the court quoted this Court's statement in *Mt. Zion New Life Center v. Board of Assessment and Revision of Taxes and Appeals,* 94 Pa.Cmwlth. 439, 451, 503 A.2d 1065, 1072 (1986) (quoting *First*

---

1. In tax assessment cases this Court determines whether the trial court abused its discretion, committed an error of law or made findings unsupported by substantial evidence.

*Mack Trucks, Inc. v. Lehigh County Board of Assessment Appeals,* 692 A.2d 661 (Pa. Cmwlth.1997).

*Baptist Church of Pittsburgh v. City of Pittsburgh,* 341 Pa. 568, 576, 20 A.2d 209, 213 (1941)):

> The word "necessary" does not import an absolute necessity, but its meaning cannot be broadened so as to comprehend that which is merely desirable. As used in this statute, the meaning is limited to a reasonable necessity and contemplates among other matters the inclusion of sufficient ground for entrance and exit and for light and air....

Applying this standard of reasonable necessity, the court concluded that all five parcels at issue were exempt. The Church asserts that the parking areas in *Our Lady of Czestochowa* were held to be exempt because they were necessary for ingress and egress, and it maintains that the parking area in this case is as well.[2]

Additionally, the Church points out the Board's admitted practice of regarding parking areas as being "necessary for the occupancy and enjoyment" of church property in those cases where a church is required to provide off-street parking by ordinance. In the Court's view, this practice reveals the fundamental inconsistency in the Board's position. If the holding of *Second Church* is that parking areas may never be regarded as being "[a]ctual places of regularly stated religious worship" within the meaning of Article VIII, Section 2(a) of the Constitution, then it does not matter whether the areas were required by ordinance.

A careful review of Section 204(a)(1) of the Assessment Law shows that it does provide for consideration of what is reasonably necessary to permit actual worship in a particular place. The Board is correct that where parking spaces are required to be provided such spaces are reasonably necessary to the occupancy and enjoyment of the property. In the same manner, the Church has proved to the satisfaction of the trial court, as the finder of fact, that a set of circumstances renders the parking lot at issue here as reasonably necessary. Witnesses familiar with the Church's history and its operations testified that membership shifted from a majority residing within one or two blocks to a majority residing at a distance, that virtually no on-street parking is available around the Church and that membership and attendance and revenues were in serious decline before the parking lot was established but turned around afterward. Based upon the Church's history, the trial court in short credited the testimony that the Church could not exist without the parking lot. In that situation, the Church has established a basis for exemption under Section 204(a)(1) of the Assessment Law and under Article VIII, Section 2(a) of the Constitution.

As may readily be seen, although similar circumstances might be shown in some other cases, they would not exist in most. As a result, the Court's holding is not to be construed as a general tax exemption for church parking lots. In addition, the present case plainly is not similar to recent decisions of the Court denying claimed exemptions for a residence for a synagogue maintenance person, *Reform Congregation Oheb Sholom v. Berks County Board of Assessment Appeals,* 839 A.2d 1217 (Pa.Cmwlth.2004), and for a former parsonage used principally by a visiting preacher, *Connellsville Street Church of Christ v. Fayette County Board of Assessment Appeals,* 838 A.2d 848 (Pa.Cmwlth.

---

**2.** The Court is not persuaded that ingress and egress was the basis for the exemption of the parking areas in *Our Lady of Czestochowa,* where the court stated simply that one parcel held principal roadways into the shrine and parking areas used on a regular basis and that two others were used for reserve parking regularly.

2003). Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 4th day of March 2004, the order of the Court of Common Pleas of Dauphin County is affirmed.

DISSENTING OPINION BY Judge SIMPSON.

I respectfully dissent. I would reverse based on *Second Church of Christ Scientist v. City of Philadelphia,* 398 Pa. 65, 157 A.2d 54 (1959), in which our Supreme Court clearly held that a church parking lot is taxable because it is not an actual locus of worship, as required then and now by the Pennsylvania Constitution.

The majority decision, while thoughtful, departs from established precedent. As an intermediate appellate court, we should strive for predictability. We should leave to our Supreme Court the choice to revisit the limiting language in Article VIII, Section 2(a) of the Pennsylvania Constitution.

Judge PELLEGRINI joins in this dissent.

Judge COHN joins in this dissent.