889 A.2d 1180

**WESLEY UNITED METHODIST CHURCH, Appellee**

v.

**DAUPHIN COUNTY BOARD OF ASSESSMENT APPEALS, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 1, 2004.

Decided Dec. 30, 2005.

Carl G. Wass, Harrisburg, for Dauphin County Bd. of Assessment Appeals, appellant.

Anthony T. McBeth, Harrisburg, for County Com'rs Ass'n of PA, appellant amicus curiae.

James B. Pannebaker, Middletown, for Wesley United Methodist Church, appellee.

Amy Erika Bentz, Jack W. Plowman, Pittsburgh, for PA Annual Conference of the United Methodist Church, appellee amicus curiae.

BEFORE: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice EAKIN.

Appellant, the Dauphin County Board of Assessment Appeals, appeals from the order of the Commonwealth Court affirming the order of the trial court holding two parcels containing a parking lot used by Wesley United Methodist Church are exempt from real estate taxation. We affirm.

On July 30, 2001, the Church filed an application with the Board seeking an exemption from real estate taxation for two immediately adjacent parcels of land where its parking lot was located. Appellant denied the request, and the Church appealed to the Court of Common Pleas of Dauphin County. Testimony at the *de novo* hearing established that Wesley

United Methodist Church had been in existence for over 150 years. Once, most members lived within walking distance, but now most do not live close to the church. During the 1980s, Wesley had 300 to 400 members, with 200 actively attending services; since 1989, after the parcels for the parking lot were purchased and available for use by church members, the membership increased to more than 700 members, with 350 attending services. Testimony established limited off-street parking exists near the church; most on-street parking spaces are used by neighborhood residents. The Church contended the parking lots are an integral part of its operation, and that without them, membership would decline to the point that sustaining its ministry financially or spiritually would not be feasible.

Appellant acknowledged that when zoning codes require a newer church to provide parking spaces for its members, appellant grants a tax exemption for the parking area because the church must comply with zoning codes and could not otherwise exist without a parking lot.

The trial court found the parking lot was reasonably necessary for the occupancy and enjoyment of the church and held the parcels were tax-exempt. The Commonwealth Court affirmed in a published opinion. *Wesley United Methodist Church v. Dauphin County Bd. of Assessment Appeals*, 844 A.2d 57 (Pa.Cmwlth.2004). We granted allowance of appeal.

Article VIII, § 2(a) of the Pennsylvania Constitution provides:

(a) The General Assembly may by law exempt from taxation:

(i) Actual places of regularly stated religious worship....

Pa. Const. art. VIII, § 2(a). Pursuant to Article VIII, § 2(a), the General Assembly enacted the General County Assessment Law, of which § 204(a)(1) provides, in relevant part:

(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

(1) All churches, meeting-houses, or other actual places of regularly stated religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same[.]

72 P.S. § 5020-204(a)(1).

■ Appellant contends this Court's decision in *Second Church of Christ Scientist of Philadelphia v. City of Philadelphia*, 398 Pa. 65, 157 A.2d 54 (1959), is controlling and directly on point. In *Second Church*, two churches sought real estate tax exemptions for parking lots located on land contiguous to their buildings. *Id.*, at 54. This Court held church parking lots are not exempt from taxation as they are not "actual places" of religious worship and are not "necessary" for occupancy and enjoyment. *Id.*, at 56.

Times have changed since *Second Church* was decided in 1959. In this day and age, parking lots may be a necessity for a church, rather than just a convenience. People and churches have both moved away from towns, and many people are no longer living within walking distance of their church. To attend, they are required to drive and park a vehicle. With no available parking, church-goers may be forced to seek religious expression elsewhere, causing a decrease in membership and impeding the ability of the church to exist.

Section 204(a)(1) of the Assessment Law allows for tax exemption of ground adjacent to the church building which is necessary to permit actual worship. Just as appellant has granted tax exemptions to churches required by zoning ordinances to provide parking, the Church has established its parking lot is entitled to an exemption because it is "necessary for the occupancy and enjoyment of [Wesley]." 72 P.S. § 5020-204(a)(1). Testimony established the parking lot was reasonably necessary and the Church could not exist without it. Based on this testimony, the granting of the tax exemption for the two parcels was in compliance with both the Constitution and the Assessment Law as being necessary.

■ We hasten to point out that we do not hold all church parking lots are entitled to tax-exempt status. However, if a

church proves its parking lots are a reasonable necessity to the existence of the church itself, those lots are entitled to such status.

Order affirmed.

Justice CASTILLE, Justice NEWMAN and Justice SAYLOR and BAER join the opinion.

Justice NIGRO did not participate in the decision of this case.

Chief Justice CAPPY files a dissenting opinion.

Chief Justice CAPPY, dissenting.

I respectfully dissent. Unlike the majority, I believe that this court's decision in *Second Church of Christ Scientist of Philadelphia v. City of Philadelphia*, 398 Pa. 65, 157 A.2d 54 (1959) construing the predecessor to Article VIII, Section 2(a)(i) of the Pennsylvania Constitution, PA. CONST. art. VIII, § 2(a)(i),[1] and Section 204 of the General County Assessment Law, 72 P.S. § 5020–204(a)(1), is as valid today as it was when it was decided in 1959. Therefore, I would uphold *Second Church*, rather than overrule it, and would apply the principles it pronounced to the present case. In doing so, I would conclude that the property that Appellee Wesley United Methodist Church ("Church") owns and uses as a parking lot is not exempt from taxation and, thus, would reverse the Order of the Commonwealth Court.

Since 1874, the Pennsylvania Constitution has authorized the General Assembly to exempt from taxes "actual places of religious worship." PA. CONST. (former) art. IX, § 1.[2] At the

1. The exemption from taxation in question originally appeared in the 1874 Pennsylvania Constitution in Article IX, Section 1. The 1968 Amendments to the Pennsylvania Constitution divided Article IX, Section 1 into two provisions and renumbered Article IX, Section 1 as Article VIII, Sections 1 and 2.

2. Before the Constitution of 1874 was adopted, the General Assembly was free to grant exemptions from taxation without restriction, and did so with some frequency. During the debates that took place at the Convention to Amend the Constitution, the delegates sought to end the practice of special tax exemption legislation by defining the General

present time, this authorization, which is in Article VIII, Section 2(a)(i) of the Constitution, provides:

§ 2. Exemptions and special provisions

The General Assembly may by law exempt from taxation:

(i) Actual places of regularly stated religious worship. . . .

PA. CONST. art. VIII, § 2(a)(i).

In 1933, the General Assembly exercised the authority the Constitution gives it in this regard and enacted a tax exempting statute, which states:

§ 5020–204. Exemptions from taxation

(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

(1) All churches, meeting-houses, or other actual places of regularly stated religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same[.]

72 P.S. § 5020–204(a)(1).

In the area of law in which this appeal arises, there are two well-settled principles that guide us. The first concerns constitutional construction and provides that the language of the Pennsylvania Constitution, which is to be interpreted in its popular sense and as understood by the people when they voted on its adoption, is controlling. *Ieropoli v. AC&S Corporation*, 577 Pa. 138, 842 A.2d 919, 925 (2004). The second concerns statutory construction and holds that this court is duty bound to construe a statute, if at all possible, so as not to render it unconstitutional. *Petition of Stieska*, 390 Pa. 249, 135 A.2d 62, 65 (1957) (*citing* the Statutory Construction Act of May 28, 1937, 46 P.S. § 552(3)). *See* 1 Pa.C.S. § 1922(3).

Assembly's authority to grant tax exemptions with specificity. 6 DEBATES OF THE CONVENTION TO AMEND THE CONSTITUTION OF PENNSYLVANIA 93 (1873). As to an exemption from taxation for church properties, some delegates at the Convention were of the opinion that no such exemption was in order while others believed that an exemption for churches, parsonages owned by churches, and attached lands up to five acres was desirable. *Id.* at 93–94. After discussion, the delegates voted to give the legislature the authority to grant exemption from taxation to "actual places of religious worship." *Id.* at 93–98.

In *Second Church,* this court applied these rules to construe Article IX, Section 1 of the Pennsylvania Constitution and 72 P.S. § 5020–204(a) so as to determine whether the Superior Court correctly ordered that exemptions from taxes be granted to two churches for parking lots. Starting with the facts, *Second Church* is on all fours. As in this case, the land in question was contiguous to the church buildings; was used solely for parking; and was not necessary for ingress or egress or for air and light. Likewise, as in this case, the record showed that church members were increasingly residing in places that made driving to church essential; that parking spaces on the street were insufficient in number to accommodate all vehicles; and that given present-day conditions, inadequate parking could lead to a church's demise. *Second Church of Christ Scientist of Philadelphia v. City of Philadelphia,* 189 Pa.Super. 579, 151 A.2d 860, 864–65 (1959). Based on such a record, the Superior Court concluded that the parking lots were tax exempt, falling within both the Constitution and the tax exempting statute. *Id.* at 866. This court on review, however, did not. *Second Church,* 157 A.2d at 54.

We began our analysis with the interplay between Article IX, § 1 of the Constitution and 72 P.S. § 5020–204(a), and noted that while the Constitution spoke to "actual" places of religious worship, the latter spoke to annexed ground that was "necessary" to occupying and enjoying such places. *Id.* at 55. Keeping in mind that a tax exempting statute cannot extend an exemption beyond that allowed by the Constitution, we referred to our decision in *First Baptist Church of Pittsburgh v. City of Pittsburgh,* 341 Pa. 568, 20 A.2d 209 (1941), and reiterated that we had interpreted the word "necessary" as used in 72 P.S. § 5020–204(a) as " 'reasonable and not absolute,' " but not " 'merely desirable' "; and clarified that we had " 'limited necessity to entrance, exit, light and air.' " *Second Church,* 157 A.2d at 55 (*quoting First Baptist,* 20 A.2d at 213).

As to parking lots in particular, we pointed out the obvious—that a parking lot on which there is no religious observance "cannot be an actual locus of worship without borrowing status from the church structure[,]" and found nothing in the

case law or in the churches' argument that persuaded us that this could be achieved. *Id.* We then discussed the well-settled principle that a church building does not lose its exemption under the Constitution or the tax exempting statute because of heating space, robing rooms, spaces for the storage of music or Bibles, and the like, and observed that it did not apply. *Id.*; *see, e.g., Chevra Achewa Anshe Cheval v. City of Philadelphia,* 116 Pa.Super. 101, 176 A. 779 (1935).

Finally and significantly, we articulated the parameters that the Constitution required for the tax exempting statute, stating: "The status of an actual place of worship has not been extended beyond ingress and egress, and light and air. We see no reason *or, permission,* because of the constitutional provision to extend it farther." *Second Church,* 157 A.2d at 55 (emphasis added). Accordingly, we concluded that parking is an adjunctive use of property that is not part of actual worship, and held that the churches were not entitled to the tax exemption they sought. *Id.* at 56 (citations omitted).

Turning to the instant case, on one point, the majority is correct—"Times have changed since *Second Church* was decided in 1959." Majority Opinion 585 Pa. at 680–81, 889 A.2d at 1182. The Pennsylvania Constitution in relevant part, however, has not. Therefore, *Second Church* remains the law and is controlling. Simply put, under its teaching, a tax exemption to the Church for its parking lot is violative of Article VIII, Section 2(a)(i) of the Pennsylvania Constitution and Section 204 of the General County Assessment Law.

Accordingly, I respectfully dissent.