## Rampp v. Luzerne Co. Assessment and Valuation Board

*Hopkin T. Rowlands, Jr.,* for appellants.
*David R. Lipka,* for appellees.

BROMINSKI, *J.,* February 25, 1986—This matter comes before the court upon the appeal of Helmut Rampp and Judith Rampp, his wife, from a decision of the board of assessment appeals denying the Rampp's appeal for the tax year 1986.

On November 8, 1985, Helmut and Judith Rampp (herein referred to as appellants) filed an appeal from the determination of the Luzerne County Board of Assessment and Appeals. Appellants allege that they own an interest in personalty known as "Cottage no. 33" of the Patterson Grove Camp Grounds in Fairmont Township, Luzerne County, Pa. On October 10, 1985, the board denied appellants' appeal. Thereafter, appellants timely filed an appeal with this court.

On March 17, 1977, appellants purchased a certain cottage known as Cottage no. 33 at the Patterson Grove Camp Ground. The document transferring the interest in the aforesaid property was signed by one Adolph Mika. For the sum of $2,750 the undersigned "does hereby grant, sell, transfer and deliver unto A. J. Rampp and Judith Rampp the following: Cottage at Patterson Grove Camp Ground, known as Cottage no. 33." On or about the same time the Patterson Grove Camp Meeting Association leased to Helmut and Judith Rampp property known as Lot no. 33. The lease was for a period of one year and would automatically renew itself when the annual rent was paid and further conditioned on the leasee's adherence to the rules and regulations of the association.

The Patterson Grove Camp Meeting Association land is located in Fairmont Township. It is on approximately 27.7 acres of land and consists of 107 buildings. There are a number of main structures including a multi-unit residential building, a tabernacle building, a recreation building and approximately 102 individual one or two-story cottages.

Appellant's cottage consists of two rooms, one upstairs for sleeping and one downstairs room. There is no heat on the property and only recently were septic systems installed. According to the rules and regulations of the association, appellants can use the property only from April through October. Appellants testified however, that they basically use the property only during a two-week camp meeting. The camp meeting consists of religious services. This is usually held near the end of August. A special pastor hires by the board of trustees. Additionally, the board hires an evangelist and a youth leader for the children. During this two-week camp meeting, no other activities are permitted. Working on your cottage, mowing your yard, riding bicycles and going swimming are not allowed. Appellants testified that they purchased the cottage specifically for use in conjunction with the camp meeting.

Appellants objected to the assessment and raised basically two arguments. It is contended by appellants that the assessment is arbitrary and capricious and not founded in fact because:

A. Appellants do not own an interest in the real estate but simply own a right to make a lease with the landowner, The Patterson Grove Camp Meeting Association, which right is terminable at the will of the landowner.

B. That the imposition of an assessment of taxes is a violation of the separation between church and state.

## DISCUSSION

72 P.S. §5020/201 entitled Subject of Taxation Enumerated states:

"The following subjects and properties shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

"(a) [A]ll real estate, to wit: houses, house trailers, and mobile homes, buildings permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactoriers of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt house breweries, tan yards, fisheries and ferries, wharves . . . and all other real estate not exempt by law from taxation . . . "

Appellants contend that if the court determines that this is a leasehold interest, that such interest should not be subject to taxation. Appellants' argument, however, is misplaced. The assessment is not placed on the lease which appellants have purchased from the Patterson Grove Camp Meeting Association and which is renewed on a yearly basis so long as appellants pay the sum of $70 annual rental and further meet the conditions of the association. Rather, the assessment is on the building known as Cottage no. 33, a two-story structure.

Appellants contend that the ownership of the property is so tenuous as to constitute a license. Admittedly, there are a number of conditions that accompany the lease agreement between the association and appellants. However, those conditions only affect the lease of the land and not the lease of the building. Moreover, it is held that in its precise

legal sense, the word "property" is an aggregate of rights or legal relations that an owner has in or with respect to a physical object. Petition of Borough of Boyertown, 77 Pa. Commw. 357, 466 A.2d 239 (1983). Property as a common-law concept is the right of any person to possess, use, enjoy and dispose of a thing. Wilcox v. Penn Mutual Life Ins. Co., 357 Pa. 581, 55 A.2d 521 (1947). Certainly appellants herein have the right of possession in connection with Cottage no. 33. They are limited in their use of the property only between the months of October and April. Although appellants do not use the property except for the two or three-week period during the camp meeting, there is no restriction on the use of the property for five months. Moreover, the fact that they can only use the property for five months out of the year does not negate ownership. Under the concept of timesharing, which is currently very popular, a property owner purchases a one or two-week period out of the year in which he can utilize certain property. He is nevertheless the owner of that particular property during his tenancy even though he can utilize the property for only a short period of time.

Petitioners certainly can use the property, and can enjoy the property, not only during the camp meeting but at any other time between the months of May and September. The right to dispose of that item is also an indicia of property. Appellants, like their predecessor in interest, have the right to sell the property. Upon the death of either husband or wife, the surviving party shall obtain full ownership of Cottage no. 33. They can convey that interest to their children.

Appellants contend that the taxation is improper pursuant to 72 P.S. §5020/204(a) which exempts "all churches, meeting houses, or other regular

places of stated worship with the ground thereto annexed necessary for the occupancy and enjoyment of the same . . . " The burden is upon the owner which claims the property is exempt as an actual place of religious worship to bring itself clearly within the exempting statute. Philadelphia v. Overbrook Park Congregation, 171 Pa. Super. 581, 91 A.2d 310 (1952). The courts of the Commonwealth have consistently held that only that part of a church's real estate which is necessary for the occupancy and enjoyment of the church building is entitled to exemption; and unless the entire lot is used for such purposes, it is not entitled to exemption. In In re: Appeal of the Open Door Baptist Church, 63 Pa. Commw. 292, 437 A.2d 1291 (1981), and The Church of Our Savior v. Montgomery County, 10 W.N.C. 170 (1881), the court interpreting the Constitution of 1873 stated "we do not think that a parsonage can be considered as a natural place of worship, though erected on grounds appurtant [sic] to a church, but not a part thereof," 10 W.N.C. at 171.

We also find that the case of Christian Literature Crusade, Inc. v. Board of Assessment, 17 Pa. Commw. 63, 328 A.2d 896 (1974), is factually dissimilar. Under the Christian Literature Crusade case the buildings which were taxed were residential buildings used by the organization for living quarters of the members and their families who were being trained in communal life, which was required by the organization after members had graduated from the training program. In the case sub judice there is no requirement that the participants in the camp meeting maintain a cottage on the premises. Nor are the cottages maintained by persons being trained by the organization. We find that the facts are clearly distinguishable.

Finally, appellants contend that any tax on the property in question is a violation of the separation between church and state. Appellants, however, fail to cite any cases in support of their contention. What was stated in appeal of the Open Door Baptist Church, supra, is equally applicable here. There the court stated:

"Nowhere has it yet been held that one may, solely by virtue of his religious beliefs, exonerate himself from the payment of taxes. Neither has it been held that a church may proclaim property it owned is exempt from taxation solely because the payment of such taxes would be offensive to its religious doctrines . . . In the instant case it has not been shown that the imposition of tax on the real estate of the church which is not necessary for church purposes is discriminatory, and impermissible intervention in the affairs of the church or an arbitrary exercise of police power. Rather, the church has been accorded all of the tax benefits to which it is entitled under the tax laws of the Commonwealth and the Constitutions of the United States and of the Commonwealth."

For the reasons above, we reject both of appellants' arguments.

Accordingly, we enter the following

ORDER

It is hereby ordered, adjudged and decreed that the appeal of Helmut Rampp and Judith Rampp, his wife, from the Luzerne County Assessment and Valuation for the year 1986 is hereby dismissed.