Antonelli Appeal.

Argued September 26, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Louis H. Artuso,* for appellant.

*Maurice Louik,* County Solicitor, with him *Arthur L. McLaughlin, III,* Assistant County Solicitor, for County of Allegheny, appellee.

OPINION BY MR. JUSTICE EAGEN, October 10, 1961:

This is an appeal from an order of the Court of Common Pleas of Allegheny County which dismissed an appeal from an order of the county board of elections.

On May 16, 1961, a primary election was held in the Borough of McKees Rocks, Allegheny County, Pennsylvania. Nominees were to be chosen by the various political parties for several elective offices including the office of burgess of the borough. No name appeared on the Republican Party ballot for the office of burgess but several individuals actively sought this nomination through write-in votes. Among the "write-in" candidates were the appellant, Nick Antonelli, and one Steve Muska.

On June 21, 1961, the Allegheny County Board of Elections made a preliminary certification of the results of said primary election for the Republican nomination for burgess, as follows:

| | |
|---|---|
| Steve Muska | 112 |
| Muska | 24 |
| Steve Musca | 1 |
| Steve - Muska | 1 |
| Antonelli | 67 |
| Nick Antonelli | 44 |
| Nick Anionelli | 13 |
| Nick Antonnelli | 8 |
| N. Antoneeli | 1 |
| Nicholas Antonelli | 1 |
| J. Antonelli | 1 |

Five days later, on June 26, 1961, Antonelli filed with the board a petition to cumulate the write-in votes cast for him in said primary election. The board en-

tered an order fixing June 29, 1961, as the date for hearing and directed that notice be given to the other candidates. The required notice was given and one of the other candidates, Steve Muska, appeared at the hearing to oppose the cumulation prayed for by appellant. At the hearing, Muska attempted to file a petition for cumulation of write-in votes on his own behalf. Antonelli objected to the filing of Muska's petition and the board adjourned the hearing to July 3, 1961, in order to enable counsel for both candidates to obtain witnesses and file briefs on the points of law involved in the proceedings. On July 3, 1961, the board resumed the hearing, received testimony and the briefs of counsel and heard arguments; the testimony on the Muska petition being heard subject to appellant's objection to the jurisdiction of the board to receive and act upon his petition. No one other than Antonelli and Muska appeared and offered evidence.

On July 6, 1961, the board rendered its decision by entering two orders, one cumulating all of the appellant's votes with the exception of one vote cast for J. Antonelli, and the other cumulating all of Muska's votes. The result gave Antonelli 134 votes and Muska 138 votes.

On July 10, 1961, Antonelli filed a petition in the court of common pleas praying for an allowance of appeal from the return board's order. On the same day the court entered an order granting the appeal and fixing a hearing for July 12, 1961. Also, on July 10, 1961, Antonelli filed two additional motions in the court of common pleas, the first thereof asking that his appeal be sustained, to which motion was attached an affidavit purportedly executed by Muska on July 8, 1961, stating that he wished to withdraw his petition to cumulate. The other motion asked that the matter be remanded to the board of elections for consideration of Muska's request to withdraw.

On July 12, 1961, the questions of law raised by the appeal and motions were argued before a court en banc. On August 18, 1961, the court below entered an opinion and order dismissing the appeal.

The appellant, Antonelli, contends that Muska's petition to cumulate was filed too late and that, therefore, the board was without jurisdiction to entertain it and enter an order based thereon. No question is raised as to the sufficiency of the evidence to sustain the board's factual finding that Muska actually received the highest number of votes cast by the electors for the nomination involved.

There is no specific or express time limit fixed or prescribed by statute for the filing of petitions to cumulate. Section 302 of the Election Code, Act of June 3, 1937, P. L. 1333, 25 PS §2642(k), provides that the election return board shall receive from the district election officers the returns of all primaries and elections, and canvass and compute the same. Section 1404 of the Code, 25 PS §3154(f), stipulates that at the expiration of five days after the compilation of the computation, the board shall certify the results to the Secretary of the Commonwealth *providing no petition for a recount or recanvass of the votes has been filed* within the five-day period. If no such event intervenes the canvass and preliminary return of the vote is final and the board's jurisdiction is at an end.

However, if a petition to recount, recanvass or cumulate write-in votes is filed this delays the final certification of the returns and continues the board's jurisdiction until the merits of these petitions are duly resolved. In the event of the filing of a petition to cumulate, it is *the mandated duty* of the board to ascertain through appropriate proceedings the candidate for whom the write-in votes were cast, before any final certification is recorded: *McCracken Appeal,* 370 Pa. 562, 88 A. 2d 878 (1952).

Hence, in the present case, when Antonelli's petition to cumulate was filed within the five-day period, the board was duty bound to delay final certification of the vote until appropriate proceedings ensued to determine the questions presented. Three days later, when Muska personally appeared and requested that his write-in votes be cumulated the board still enjoyed jurisdiction and the canvass of the vote for this particular office was still in progress. The board was well within its legal authority in considering his petition and after a determination of the facts reporting the true expressed will of the electorate. In so doing a fair and honest canvass of the vote resulted and the spirit of the Election Code sustained.

Appellant further contends that the board had previously adopted and fixed a five-day limitation for the filing of petitions to cumulate write-in votes and that this regulation is binding on the board. The court below correctly concluded that the evidence failed to sustain the existence of any such regulation. Nor was the existence of such a regulation admitted by reason of the failure of the board to deny the allegations contained in the petition filed with the court below asking the right to appeal from the board's decision. This petition was filed ex parte and there was no opportunity or obligation to answer.

The final assignment of error concerns the refusal of the court below to remand the matter to the board and permit Muska to withdraw his petition to cumulate. His request was filed after the board's hearings were concluded and a final and correct computation of the vote by the board and after an appeal had been entered and allowed by the court from the board's decision. The factual situation existing at the time the board entered its final order remained unchanged. Muska was the candidate receiving the plurality and the only candidate the board could legally certify as

nominated for the office. See Act of 1937, P. L. 1333, §922, as amended by the Act of May 6, 1943, P. L. 196, §1, 25 PS §2882 (Supp.). The law does not permit the votes of the electorate to be changed or modified by any gentlemen's agreement between the candidates. This is not an action between the candidates involved but a proceeding in which the public is involved, to canvass and compute the votes cast by the Republican electors for the office of burgess in this borough. Further, if Muska desired to withdraw from the election contest after final certification of his nomination, the Election Code specifically and clearly provides the necessary procedure for this to be effected and the manner for substitution. See Act of June 3, 1937, P. L. 1333, §978, as amended by the Act of May 6, 1943, P. L. 196, §1, 25 PS §2938 et seq. (Supp.).

Order affirmed. Costs to be paid by appellant.