**In re Grove City, Second Ward Council Democrat Write-In Nomination**

*Michael J. Wherry,* for petitioner.

ACKER, *P.J.,* June 24, 1987—We have for consideration a "petition of James H. Montgomery to

establish identity by candidate nominated under different names."

James H. Montgomery, a registered Republican, is currently the incumbent councilman of Grove City Borough Council for the 2nd Ward of Grove City, Pa. His re-election bid for that office was opposed by Joseph M. Jaskol, also a registered Republican, in the May 19, 1987, primary. After a tabulation of the primary votes, the Mercer County Election Board certified that Montgomery had been nominated as the Republican candidate for the council seat.

No candidates were listed on the Democratic ballot for the Second Ward Councilmanic seat. There were, however, a number of write-in votes cast for that office on behalf of both Montgomery and Jaskol. The election board did not certify that either candidate has secured the necessary 10 votes to be the Second Ward nominee of the Democratic Party.[1] Rather, the board, pursuant to 25 P.S. §3155, certified that 12 votes under 11 variations of the name James H. Montgomery were written-in for that nomination at the May 19, 1987, primary. The names as written on the ballots, and the number of votes received by each, were certified as follows:

| | |
|---|---|
| J. H. Montgomery | 2 |
| Mantony | 1 |
| James Montgomey | 1 |

---

1. Under 25 P.S. §3155, the county election board shall not certify the votes cast on irregular ballots for any person unless the total number of votes cast for said person is equal to or greater than the number of signatures required on a nomination petition for the particular office. Under 25 P.S. §2872.1(35), 10 signatures would be needed on a nomination petition for 2nd Ward councilman.

| | |
|---|---|
| James H. Montm. | 1 |
| James Montgomery | 1 |
| J. H. Montgomry | 1 |
| J. H Montgomey | 1 |
| James H. Montgomery | 1 |
| Joe (?) H. Mont. | 1 |
| J. Montgomn | 1 |
| Jas Montgomery | 1 |

Montgomery now seeks to have these votes counted in his favor, and to be declared the nominee of more than one party, i.e., the nominee of the Democratic Party.

## DISCUSSION

Section 3156 of the Election Code, 25 P.S. §2600 et seq., provides in pertinent part:

"Any person who has been nominated at a primary election by more than one party for the same office under different names may, at any time not later than five days after the certification by the county board of the votes cast at a primary election, present a petition to the court of common pleas of the proper county, praying for an order declaring such petitioner by his true name to be the person who was thus nominated by more than one party under different names. If the court shall determine that the different names so appearing on the returns of the primary represent one and the same person, the court shall enter an order finding said fact and directing the county board to revise its return accordingly."

However, the election code itself does not provide any instruction on how the court is to make this determination. Therefore, we turn to the case law on the subject for guidance.

The seminal case on this subject appears to be *McCracken Appeal,* 370 Pa. 562, 88 A.2d 787

(1952). Appellee therein, Joseph Kratochvil Jr., received 313 votes as a write-in (sticker) candidate for township treasurer during the general election. His opponent, Thomas H. McCracken, who had previously won the nomination of both the Republican and Democratic tickets, received 314 votes. At issue was one ballot on which the voter had written-in the name "Joseph Kratochvil," without the "Jr." Kratochvil petitioned to have the vote cumulated with his other votes. The election returns board, after a hearing, determined that Joseph Kratochvil and Joseph Kratochvil Jr. were one and the same person and ordered that the vote be cumulated, raising Kratochvil's total to 314 votes. Kratochvil then won the casting of lots due to the tie vote and was declared the successful candidate. McCracken appealed to the court of common pleas, which affirmed the decision of the board. McCracken then appealed to the Pennsylvania Supreme Court, asserting the illegality of Kratochvil's election.

In commenting on the duties of the county election board to canvas and compute the election results, the court stated:

"There could scarcely be a duty more apparent and impelling on an election board than that of ascertaining *for whom* votes were cast. Id. at 565, 88 A.2d at 788 (emphasis in original).

Further, the court stated:

"In any disputed election, nothing can be more vital towards the accomplishment of an honest and just selection than the ascertainment of the intention of the voter. What was the intention of the voter who wrote Joseph Kratochvil instead of Joseph Kratochvil Jr.? Can anyone doubt that the voter wished to register his vote for Joseph Kratochvil Jr.? And with that fact established, nothing should be

permitted to change the effect of that intention so honestly manifested." Id. at 566, 88 A.2d at 789.

Finally, the court declared, quoting from 9 Ruling Case Law, at 1144:

"[W]here the voter's intent is found it should not be defeated by the fact that the name of the candidate is misspelled, the wrong initials employed, or some other or slightly different name of like or similar pronounciation has been written instead of that of the candidate actually intended to be voted for. . . . A ballot may be counted which contains a candidate's surname only, although there are other persons in the county having the same surname, it being shown that there was no other person of such name who was a candidate for the same or any other office; and so also if only the middle name of the candidate is wrong or if the first name is abbreviated, or if the wrong initials are used." Id. at 566, 88 A.2d at 789.

The court then concluded from its examination of the record that the names of Joseph Kratochvil and Joseph Kratochvil Jr. identify one and the same individual, and affirmed the decision of the election board cumulating the votes.

A second decision bearing on this subject is *Parente Appeal*, 390 Pa. 249, 134 A.2d 62 (1957). Appellee therein, John R. Stieska, petitioned the county election board to cumulate all the votes cast in the various forms of his name and to declare him the successful nominee on the ticket. The board credited Stieska and his principal competitor, Hugo J. Parente, with only such votes as were written-in with their full names. Stieska appealed the board's action to the court of common pleas, which sustained the appeal and ordered that all the contested write-in votes be cumulated. Parente appealed to the Supreme Court, which concluded that the court

of common pleas, upon the appeal of a decision of the county election board, is not precluded from cumulating votes for a candidate by write-ins on voting machines, if the evidence so warrants it, in order to effectuate the will of the voters. The court then affirmed the cumulation of the following votes:

"John R. Stieska, 58; John Steiska, 33; J. Steiska, 13; J. R. Stieska, 1; Stieska, 59; John T. Stieska, 1; John S. Stieska, 1; John Steiska, 2; Steiska, 1; Sleiska, 1;

"Hugo J. Parente, 70; Hugo Parente, 27; H. Parente, 8; Parente, 38; Parenti, 5; Hugo Parenti, 1."

From the election code and these cases, it is evident that this court has the power and duty to determine the intent of the voter in casting his ballot, and having found such intent, to see it effectuated. Here, the court is faced with a determination of whether the 12 votes case under variations of the name James H. Montgomery were intended as votes for the petitioner.

Numerous decisions in Pennsylvania have addressed similar problems involving the cumulation of votes.[2] These decisions evidence no absolute rule on what variations of a petitioner's name may be allowed in order to cumulate the contested votes. However, the thrust is towards a liberal application

---

2. See *Antonelli Appeal*, 405 Pa. 179, 174 A.2d 107 (1961); *Nomination of Lamb*, 73 D.&C.2d 142 (1975); *Petition of Warner*, 51 Sch. L.R. 96 (1956); *Petition of Wenzel*, 51 Sch. L.R. 172 (1956); *In re Kramer's Nomination*, 94 P.L.J. 241 (1945); *In re Nomination of McLaughlin*, 31 Erie L.J. 184 (1947); *In re Election of Edgmont Township Supervisor*, 53 Del. 317 (1965). *In re Recount of Vote in the Second District, Third Ward, Borough of Steelton*, 65 Dauph. 192 (1953); *In re Election for Tax Collector of Seward Borough*, 36 West. 291 (1955).

of the cumulation rule as long as the court can determine the voter's intent in casting his ballot.

In the instant case, James H. Montgomery is the incumbent councilman for the Second Ward and is well known to the voters of that ward. There is no evidence of any other James H. Montgomery running as a candidate for that office.[3] With the following exception, we are convinced that the variations of the name James H. Montgomery written-in at the May 19 primary represent one and same person who is the petitioner, James H. Montgomery. We do not believe that the one vote cast for "Mantony" is sufficiently close to the petitioner's name to allow its cumulation on his behalf.

Wherefore, we conclude and find as a fact that the identity of the petitioner, James H. Montgomery, under the different names written-in for the remaining 11 votes is established, and we direct the Mercer County Election Board to revise its return accordingly.

Hence, this

## ORDER

And now, on this June 24, 1987, it is hereby ordered and decreed that the county election board as constituted by a prior court order shall count as votes for James H. Montgomery upon the Democratic ticket all write-in votes cast for the petitioner, James H. Montgomery, except the one vote cast for "Mantony," and shall revise its return accordingly. Those votes to be counted are:

| | |
|---|---|
| J. H. Montgomery | 2 |
| James Montgomey | 1 |

---

3. There was however a Robert F. Montgomery running for School Director.

| | |
|---|---|
| James H. Montm. | 1 |
| James Montgomery | 1 |
| J. H. Montgomry | 1 |
| J. H Montgomey | 1 |
| James H. Montgmery | 1 |
| Joe (?) H. Mont. | 1 |
| J. Montgomn | 1 |
| Jas Montgomery | 1 |