## In re Appeal of the National Shrine of Our Lady of Czestochowa

C.P. of Bucks County, no. 2000-00468-20-6.

*Edward Rudolph,* for Bucks County Board of Assessment Appeals.

*Joseph W. Cunningham,* for the National Shrine of Our Lady of Czestochowa.

*John B. Rice,* for New Britain Township.

*Thomas F. J. MacAniff,* for Central Bucks School District.

McANDREWS, *J.,* June 15, 2000—The matter before the court is a tax assessment appeal filed by the National Shrine of Our Lady of Czestochowa. The real estate in question is located in New Britain Township, Central Bucks School District, in the County of Bucks.

On July 30, 1999, the appellant filed an application with the Board of Assessment seeking real estate tax exemption of 65.42 acres of land identified as tax parcels 26-011-060, 26-012-018, 26-012-018-001, 26-012-018-002 and 26-012-019. The board conducted a hearing on December 7, 1999. After due consideration, appellant's appeal was denied on the basis that the parcels failed the requisite standards for exemption under the General County Assessment Laws 72 P.S. §§5020-204. An appeal from the board's decision was filed with this court on January 24, 2000. A hearing de novo was held on April 17, 2000, at which time the court heard testimony from Father Stephen Wozniczka, director of the shrine. No other witnesses were presented.

The witness testified that the shrine is a national place of worship for people of Polish descent in the United States. Over the years, the shrine has assembled a number of parcels to accommodate its needs. There are currently 10 parcels owned by the shrine, comprised of approximately 170 acres. Reference is made to exhibit

P-3, which outlines the various tax map parcels. All the parcels are contiguous, and are located on Ferry Road, New Britain Township. Two parcels identified as 26-011-058 and 26-011-059, containing approximately 10 acres, have been previously exempt from taxation as a church, and ground necessary for the occupancy and enjoyment of the same. Three of the parcels containing approximately 52 acres are currently being taxed, and the tax is not challenged. At issue are five parcels containing approximately 64 acres.

The witness further testified that parcel 26-011-060 houses a detention basin which was required to control surface water run-off. Parcel 26-012-019 houses parking areas necessary for the large number of people who attend mass. This parcel also contains a roadway providing ingress and egress from Ferry Road.

Parcels 26-012-018-001 and 002 are used for overflow parking when there are religious activities, such as Holy Mass, and festivals.

Parcel 26-012-018 is an alternate roadway to the church area from Ferry Road. The roadway is approximately 300 feet long and 30 feet wide.

Appellant contends that the parcels in question are annexed to the already exempt church and/or cemetery parcels, and necessary for the occupancy and enjoyment of the place of worship. Respondent contends that the statute authorizing real estate tax exemption is narrow in scope and the property in question exceeds the boundaries of what is reasonable and necessary for the enjoyment of religious activity.

It is well-established that any entity seeking an exemption has the burden of proving entitlement to such

an exemption. 72 P.S. §7236; see *Four Freedoms House of Philadelphia Inc. v. Philadelphia,* 443 Pa. 215, 279 A.2d 155 (1971). It is also required that the statutory provisions creating tax exemptions must be strictly constructed. *YMCA v. Reading,* 402 Pa. 592, 167 A.2d 469 (1961).

Exemptions from real estate property taxes are authorized by Article VII, Section 2(a) of the Pennsylvania Constitution. Under the assessment law there are numerous exemptions, including churches. Specifically, the statute provides as follows:

(1) "All churches, meeting-houses, or other actual places of regularly state religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same." 72 P.S. §5020-204(a).

The issue is whether the land and other improvements not now exempt are reasonably necessary for the occupancy and enjoyment of the exempted place of worship.

The Commonwealth Court in *Mt. Zion New Life Center v. Board of Assessment and Revision of Taxes and Appeals,* 94 Pa. Commw. 439, 451, 503 A.2d 1065, 1069 (1986), addressed the standard to be applied as follows:

"The word 'necessary' does not import an absolute necessity, but its meaning cannot be broadened so as to comprehend that which is merely desirable. As used in this statute, the meaning is limited to a reasonable necessity and contemplates among other matters the inclusion of sufficient ground for entrance and exit and for light and air . . . *First Baptist Church of Pittsburgh v. Pittsburgh,* 341 Pa. 568, 576, 20 A.2d 209, 213 (1941)."

By this standard, that part of a church's real estate which is necessary for the occupancy and enjoyment of

the church building is entitled to an exemption from taxation. *Rampp v. Luzerne County Assessment and Valuation Board,* 41 D.&C.3d 166 (1986). By this standard, a parcel may be partially exempt, if only a portion of the lot is necessary for the occupancy and enjoyment of the church use.

Taking the parcels in sequence, and applying the foregoing principles, the court concludes as follows:

Parcel 26-011-060, comprised of 5.196 acres, is set aside to house the detention basin required to control surface water run-off caused by the buildings and impervious surfaces existing on the exempt parcels, 26-011-058 and 26-011-059. This parcel is an integrated element of the land development previously exempt. The court finds it a necessary element to the enjoyment of the improved exempt parcels and, therefore, exempt.

Parcel 26-012-019, comprised of 18.531 acres, contains principal roadways leading in and out of the previously exempt parcels, and parking areas used on a regular basis for the religious activities conducted on the exempt parcels. The court finds these uses reasonable and necessary for the enjoyment of the exempt place of worship.

Parcel 26-012-018 contains a roadway to serve as an alternate roadway to and from the parking area on parcel 26-012-019. The entire parcel consists of 15 acres. The roadway bisecting the parcel is 30 feet wide and 300 feet long for a total of 5,000 square feet. Calculating the 15 acres to contain 630,000 square feet, the court finds that the roadway represents .014 percent of the entire parcel, and that the roadway portion is exempt as reasonable and necessary for the enjoyment of the exempt religious activity.

Parcels 26-012-018-001 and 26-012-018-002 contain a total of approximately 26 acres. The parcels are unimproved and according to the testimony they are frequently used for overflow parking of buses and other large vehicles which have transported those attending mass and other activities during the special holy days and feast days. The witness testified that these parcels are used to park the buses that transport the visitors to the church services and the related festivals. The witness' testimony is uncontradicted on the need for the areas to be available to handle the parking on occasions. Without this area being available there would be no place to park the buses and other vehicles. The court finds that the overall religious activity and related festivals generates a high volume of traffic on regular occasions to necessitate this reserve parking area and, therefore, it is exempt under the law.

For the foregoing reasons, the court does enter the attached order declaring the parcels in question exempt from real estate property taxes in whole, or in part, as set forth in the order.

## ORDER

And now, June 15, 2000, upon consideration of the petition for exemption under 72 P.S. §5020-204(a)(1) of the Tax Assessment Law, it is ordered and directed that the following tax map parcels be and are hereby exempt from real estate taxes, commencing with the tax year 1999 and continuing until further order of court:

Tax Map Parcel 26-012-019 is exempt.

Tax Map Parcel 26-011-060 is exempt.

Tax Map Parcel 26-012-018-001 is exempt.

Tax Map Parcel 26-012-018-002 is exempt.

Tax Map Parcel 26-012-018 is subject to taxes except for .014 percent allocated to the roadway which is exempt.